RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED Y-5
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 1-5-05

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

DODORA UNIFIED COMMUNICATIONS, INC.

Plaintiff,

v.

DIRECT INFORMATION PVT. LTD., LOGICBOXES, WEBHOSTING.INFO, TRANSECUTE (I) PVT LTD., RESELLERSRS, INC., AND ANSWERABLE, INC., COLLECTIVELY d/b/a "DIRECTI.COM"

Defendants.

Civil Action
No. _____

## 05 cv 10016 NMG

MAGISTRATE JUDGE _____

## VERIFIED COMPLAINT

## Introduction

1.     Plaintiff Dodora Unified Communications, Inc. ("Dodora") is a

Massachusetts company that is licensed and accredited to own, register, and resell

internet domain names, which it has done since June of 2001. As of June 2004, Dodora

owned or had registered approximately 60,000 domain names. Defendants Direct

Information Pvt. Ltd., and its numerous subsidiaries and affiliates including LogicBoxes,

webhosting.info, Transecute (I) Pvt. Ltd., ResellerSRS, Inc. and Answerable, Inc.,

collectively doing business as "Directi.com" (Directi or "Defendants") wrongfully

converted virtually all of Dodora's assets, including approximately 47,000 domain names

for customers and approximately $120,000 in customer fees.

2.      Directi converted Dodora's property when it gained access to and control of Dodora from June 2004 to December 2004 as a result of a default judgment wrongfully obtained against Dodora in Texas and as a result of the subsequent appointment of a receiver, who engaged Directi to manage Dodora.

3.      Dodora successfully challenged the entry of default judgment and the accompanying appointment of a receiver.  As a result, the Texas court vacated the default judgment and dissolved the receivership without approving the receiver's contracts with Directi and without ordering the disposition of any of Dodora's assets.

4.      During the period when Directi, one of Dodora's main competitors, had control of Dodora, it stole Dodora's customer base of approximately 47,000 customers and domain names and its operating capital in the amount of at least $120,000.

5.      Since dissolution of the receivership – specifically, in electronic mail communications culminating in a telephone conversation on December 20  – Dodora independently attempted to recover these fees and customers from Directi.  Directi refused.

6.      Because Directi has retained Dodora's property wrongfully, Dodora brings this action to recover the same and for other appropriate relief.

## Jurisdiction and Venue

7.      Dodora's claims are within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.  Dodora is a corporation that is organized under the laws of Massachusetts and, on information and belief, all Defendants are corporations that are citizens of foreign states.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because Dodora's principal place of business is located in Massachusetts.

### Parties

9.     Dodora is a corporation organized under the laws of Massachusetts with a principal place of business located at 14 Nicholson Street in Lynn, Massachusetts.

10.     Defendant Direct Information Pvt. Ltd. (d/b/a "Directi.com") is a foreign company with a home address of 330, Link-Way Estate, Linking Road, Malad (W), Bombay, Maharashtra, 400 064, India.

11.     Defendant LogicBoxes (d/b/a "Directi.com") is a foreign company that, on information and belief, has a home address and principal place of business located at 14781 Memorial Dr., Suite # 792 in Houston, Texas. See Exhibit A, setting forth U.S. phone number with area code (832), a Houston exchange.

12.     Defendant ResellerSRS Inc. (d/b/a "Directi.com") is a foreign corporation that, on information and belief, has a home address and principal place of business located at 14781 Memorial Dr., Suite # 792 in Houston, Texas. See Exhibit B, setting forth address provided by Defendant ResellerSRS, Inc. to InterNIC, the Accredited Registrar Directory.

13.     Defendant Answerable, Inc. (d/b/a "Directi.com") is a foreign corporation that, on information and belief, has a home address and principal place of business located at 14781 Memorial Dr., Suite # 792 in Houston, Texas.

14.     Defendant Transecute (I) Pvt Ltd. (d/b/a "Directi.com") is a foreign company with a home address of 330, Link-Way Estate, Linking Road, Malad (W), Bombay, Maharashtra, 400 064, India.

3

15.     Defendant "webhosting.info" (d/b/a "Directi.com") is a foreign company that, on information and belief, has a home address and principal place of business located at 14781 Memorial Dr., Suite # 792 in Houston, Texas.

16.     Directi, on information and belief, owns and operates each Defendant. Bhavin Turakhia is the owner and Chief Executive Officer of each Defendant. Directi is a major competitor of Dodora and the two businesses compete for the same market.

### Facts

17.     Dodora is in the business of registering internet domain names. Dodora is an accredited registrar with Internet Corporation for Assigned Names and Numbers ("ICANN") and a party to VeriSign's Registry-Registrar Agreement. Pursuant to that agreement, Dodora has the right to login credentials to access the .com and .net registries. Dodora uses its access to these registries to own and register internet domain names for both individuals and companies. A domain name would include, for example, "yahoo.com" or "fleet.com." Dodora thus owns, controls and manages tens of thousands of domain names in its registrant database as a service for its business customers. Customers pay Dodora a fee for each domain name they register through Dodora's log-in credentials. Dodora's customers also pay a fee to maintain "active" registration of domain names (known as "residual income"). Dodora also generates revenue through the sale or "reselling," usually by auction, of domain names Dodora owns that are otherwise "dormant" and not renewed by customers or that Dodora no longer wishes to own. As of June 2004, when the receiver engaged Directi to manage Dodora, Dodora was earning approximately $20,000 per month in residual fee income.

4

18.    Dodora maintains a website that is located at http://www.dodora.net. That website is operated from a single web server physically located in Lynn, Massachusetts and holds its domain name assets and its registrant/customer database.

19.    On March 21, 2003, Plaintiff Compana, LLC ("Compana"), a Nevada limited liability company, filed an Original Petition against Dodora in Texas state court, alleging a complaint sounding in and primarily arising out of an alleged breach of contract.

20.    Service was not properly effected and a default judgment was entered against Dodora on June 6, 2003 without Dodora's knowledge.

21.    Compana executed on its judgment by having a receiver appointed by a Texas Court in January of 2004. The receiver seized Dodora's license to use its internet registration systems, held with both VeriSign and ICANN, in a bid to generate revenue to satisfy the Texas judgment.

22.    The receiver, Michael S. Bernstein, P.C. (a Garland, Texas attorney), then exercised control of certain assets and contractual rights of Dodora, specifically its log-in credentials under Dodora's Registrar Accreditation Agreement with ICANN and VeriSign. With these log-in credentials, the receiver gained control of Dodora's entire internet business, the revenues from Dodora's residual income, and access to Dodora's customer/registrant database.

23.    The receiver contracted with Defendants Direct Information Pvt. Ltd. and Logicboxes (and, on information and belief, the other named Defendants) to operate and maintain Dodora's business in approximately June of 2004. A copy of these contracts is attached as Exhibit C. Both of these contracts were, by their terms, explicitly conditioned

upon and "subject to Court approval." Id.  Through these purported contracts,

Defendants gained access and title to Dodora's property, specifically its ".net" and

".com" domain names and Dodora's registrant database (including accompanying

customer renewal information), which contained approximately 60,000 domain names as

of June 2004.  Directi also received the residual income paid to Dodora on a monthly

basis by its clients.  On information and belief, this income has totaled approximately

$120,000 to date, for the six-month period that Defendants controlled Dodora's assets.

Directi also received all electronic mail communications directed towards the

"dodora.net" and "dodora.com" domains by Dodora's customers.

24.    Dodora successfully challenged the appointment of the receiver in Texas,

and the services performed by the receiver were never approved by the Texas court.  See

Texas Court's order vacating the default judgment, dismissing Compana's claims, and

rejecting any and all contracts that the receiver may have entered, including the receiver's

contracts with Directi.  See Exhibit D.  Directi was notified of the Texas Court's Order,

and the obligation to return Dodora's property to Dodora.  See Exhibit E.

25.    Directi and all other Defendants thus no longer have (and never had) any

valid contractual claim to retain Dodora's residual income which it received and held on

behalf of Dodora, to take domain names previously owned by Dodora and Dodora's

customers, or to access or retain the electronic mail communications from Dodora's

customers to Dodora.

26.    Directi and all other Defendants similarly have no equitable claim to retain

any portion of Dodora's residual income funds, or any of Dodora's ".com" and ".net"

domain name assets, because Defendants have effectively been a passive recipient of this

income and have not performed any services that would justify payment of any part of Dodora's residual income.

27.     Since the Texas Court vacated the default judgment, Dodora has independently communicated with and made a demand upon Defendants, through their Chief Executive Officer, Bhavin Turakhia, for the return of its ".com" and ".net" domain assets, its residual income funds, and its e-mail, currently in the possession of Defendants and under Mr. Turakhia's control.

28.     On December 20, Defendants wrongfully refused to return Dodora's income and assets, causing Dodora substantial damages. Directi has wrongfully converted thousands of Dodora's customers into Directi customers. Following dissolution of the Texas receivership in December 2004, Dodora's registrant database of domain names was returned. Dodora's database of domain names had dwindled from 60,000 as of June 2004 to approximately 13,000 upon its return in December 2004. Directi improperly took ("re-registered") these domain names, including "harponit.com," "tcmusictogether.com" and thebirthdayclub.net" which were all under Dodora's ownership and control before Directi gained access to Dodora's customer/registrant database. See Exhibit F, copies of current registrar information for these domain names. On information and belief, Directi has electronically converted all of the 47,000 missing domain names through improper copying and use of Dodora's registrant/customer database.

29.     Defendants have further harmed Dodora in their mismanagement of Dodora's client accounts, creating doubt for Dodora's customers about the validity of their access to domain names. See, e.g. correspondence received by Dodora from

Miroslav Cvach, setting forth problems with Directi's management of domain name accounts a copy of which is attached as Exhibit G. Finally, Directi's actions have created uncertainty for Dodora's customers, preventing them from making payments properly due and owing to Dodora. See, e.g. correspondence received by Dodora from Joyce Corey, from pool.com, a copy of which is attached as Exhibit H.

30.    Directi has also wrongfully converted at least $120,000 in residual income fees that Dodora was paid or should have been paid during the period June to December 2004.

31.    Dodora will be irreparably harmed if it does not promptly receive these assets from Defendants, especially the ".com" and ".net" domain names which it regularly re-registers for customers in exchange for a fee. Dodora is a start-up company and it is not likely to survive without the immediate return of these assets and its funds.

## COUNT I

### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201 / M.G.L. c. 231A)

32.    Dodora incorporates by reference its allegations made in paragraphs 1-31, above.

33.    There is an actual controversy over the rights to the domain name assets currently held by Directi that were previously owned and controlled by Dodora.

34.    Based on the clear evidence, this Court should enter an order declaring Dodora's clear title to and ownership of all of the domain name assets that have been taken by Directi since June of 2004.

## COUNT II

### (Conversion)

35.     Dodora incorporates by reference its allegations made in paragraphs 1-34, above.

36.     By retaining Dodora's ".com" and ".net" domain name assets and residual income after a demand for their return, Defendants have intentionally exercised an act of ownership over them.

37.     Defendants currently have control over Dodora's ".com" and ".net" domain name assets and residual income.

38.     Due to the dismissal of the Texas default judgment and the dissolution of the receivership, Defendants have no current right of possession of Dodora's property.

39.     Dodora has been and will continue to be damaged by Defendants refusal to return Dodora's assets.

## COUNT III

### (Money Had and Received/Unjust Enrichment)

40.     Dodora incorporates by reference its allegations made in paragraphs 1-39, above.

41.     In the absence of a valid and vested contractual right, Defendants have obtained and accepted Dodora's residual income and Dodora's title to domain name assets, and have benefited from their possession of the same, without incurring any burden or consideration in the form of labor or service or providing any benefit to Dodora.

42.    Under all of the facts and circumstances, Dodora's residual income and Dodora's title to domain name assets should be returned to Dodora.

43.    Dodora has been and will continue to be damaged by Defendants refusal to return Dodora's assets.

## COUNT IV

### (Interference with Advantageous Business Relations)

44.    Dodora incorporates by reference its allegations made in paragraphs 1-43, above.

45.    Dodora had a business relationship and/or contemplated contracts with its customers in the likely re-registration of thousands of domain names on their behalf, from which Dodora economically gained in the form of residual income.

46.    Directi knew about these relationships.

47.    By taking and converting Dodora's domain names into its own registrar database, without a legal basis for doing so, Directi intentionally interfered with these business relationships between Dodora and its customers and did so using improper means.

48.    As a result of Directi's conduct, Dodora has been harmed and lost its business advantage, including but not limited to the loss of proprietary customer information such as renewal dates and the residual income that Dodora has a right to receive from these customers.

## COUNT V

### (Injunctive Relief)

49.    Dodora incorporates by reference its allegations made in paragraphs 1-48,

above.

50.    Defendants should be enjoined from accessing, encumbering, transferring, assigning, conveying and/or taking title, use, occupancy, possession or any other interest in the property of Dodora, because their prior access to such property was based upon a receivership that has been legally dissolved; and, further, that property should be returned to Dodora and Dodora should be placed in its position status quo *ante* the appointment of the Texas receiver.

### COUNT VI

### (Violation of M.G.L. c. 93A, § 11)

51.    Dodora incorporates by reference its allegations made in paragraphs 1-50, above.

52.    As set forth above, Defendants have engaged in unfair or deceptive acts or practices while in the conduct of trade or commerce, in violation of M.G. L. c. 93A.

53.    Defendants' unfair and deceptive acts or practices in violation of M.G. L. c.93A occurred primarily and substantially in Massachusetts as Dodora and its computer servers containing its customer database have at all times been based in Massachusetts.

54.    The Defendants' unfair and deceptive acts or practices in violation of M.G.L. c.93A were knowing and willful.

55.    Defendants' unfair and deceptive acts or practices in violation of M.G. L. c.93A caused Plaintiff to suffer damages.

**WHEREFORE**, Dodora respectfully requests that this Court:

A.    enjoin Defendants from accessing, conveying, transferring, assigning, or encumbering the assets of Dodora, or, if such a conveyance, transfer, assignment, or encumbrance has occurred, declare such conveyance,

11

transfer, assignment, encumbrance or sale to be null and void and without the authority of law;

B.    order Defendants immediately (i) to return Dodora's ".net" and ".com" domain names with its registrant/customer database, and all accompanying login credentials, rights and title necessary to access and operate the registrant/customer database; (ii) to pay any transfer fees or other administrative costs associated with the return of these domain names to Dodora; (iii) to purge any and all such information contained in Directi's files concerning Dodora's domain names and its registrant/customer database (including but not limited to customer information such as renewal dates); (iv) to return Dodora's electronic mail communications directed to the "dodora.com" and "dodora.net" domains since June of 2004; and (v) to return Dodora's residual income and any other funds received on Dodora's behalf from its customers since June of 2004;

C.    award both common law and statutory damages as appropriate, including but not limited to applicable double or treble damages, attorneys' fees and pre- and post-judgment interest;

D.    declare that Dodora owns clear title to domain names provided from Dodora's registrant database to Directi since June 15, 2004 that remain in Directi's possession, which declaration is or may be necessary to present to third parties, including but not limited to ICANN and VeriSign, to secure the transfer of Dodora's customer domain names back to Dodora; and

E.    award such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all counts so triable.

Respectfully submitted,

DODORA UNIFIED COMMUNICATIONS, INC.

By its attorneys,

Nicholas C.

Nicholas B. Carter (BBO # 561147)
Raymond P. Ausrotas (BBO # 640315)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: January 5, 2005

**VERIFICATION**

I, Ronald Garraud , state under pains and penalties of perjury that I have read the foregoing Verified Complaint and that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

Signed under the pains and penalties of perjury this ___S___ day of January, 2005.

Ronald Garraud, CEO
Dodora Unified Communications, Inc.

13

 **LOGIC**BOXES

**Home      Domain Registrar Automation      Hosting Automation      About LogicBoxes      Contact Us**

### Home : Contact LogicBoxes

Contact our Sales division via email, chat, telephone or simply fill in our online enquiry from below us to assist you in obtaining and/or managing your ICANN Accreditation effectively.

**MSN ID:** sales@logicboxes.com

**Sales Contact Email:** sales@logicboxes.com

**Telephone:**

**India:**
Tel: +91 (22) 5679 7575
Fax: +91 (22) 5679 7504

**USA:**
Tel: +1 (832) 295 1535
Fax: +1 (320) 210 5146

### ONLINE ENQUIRY FORM:

| | |
|---|---|
| Company Name * | |
| Company URL * | http:// |
| Primary Business * | Web Hosting Company<br>Domain Name Reseller<br>ccTld Registrar<br>ICANN Accredited Registrar<br>Start - Up<br>Others |
| | If Other, Please specify |
| Country | [Select Country] |
| No of Domain Currently Managed * | |
| Contact Person * | Mr. |
| Email Address * | |
| Daytime Phone | |
| Evening Phone | |
| Solution Interested In * | ICANN Consultancy<br>Orderbox<br>Hosting Automation |
| Specific Notes | |
| Where Did U Hear About Us? | Please Specify |
| | If Other, Please specify |

[ Submit ]   [ Reset ]


# *InterNIC*

Home     Registrars     FAQ     Whois

**The Accredited Registrar Directory:**

The information that appears for each registrar, including the referral web address and contact information, has been provided by each individual registrar.

# Registrar Contact Information

(no logo available)    **ResellerSRS Inc dba http://www.ResellerSRS.com**
14781 Memorial Dr., Suite # 792
Houston, Texas 77079

United States
Houston, TX: +1 (832) 615 1680, Miami, FL: +1 (305) 503 6155
sales@resellersrs.com

ResellerSRS is amongst the top ten fastest growing Domain Name Registrars Worldwide. ResellerSRS's strategy focuses on RESELLERS, LOW COST and EASE-OF-USE. With complete INFINITE LEVEL Reseller management control panels, THE LOWEST pricing, Complete BRANDING, flexibility to Customize the Look and feel of interfaces for you, your Sub-Resellers, their Sub-Resellers and so on, and FREE Comprehensive API Kits in PHP, Perl, ASP.NET, Java, ResellerSRS ensures maximizing your profits. ResellerSRS provides hundred's of features to its entire Reseller Chain, enabling them to do Smarter Business. At ResellerSRS, we strive to provide you innovative features on an ongoing basis. We are the FIRST and ONLY Registrar to offer 100% Whois Branding and Customization on a per Domain Basis. This would mean that you can add your own pictures, flash presentation, For-Sale Links in the whois customized for every domain name. We are also the FIRST to offer MULTILINGUAL Control Panels and completely automated billing systems that support EVERY Currency in the world.

This page last updated on Thursday, 23-December-2004

# DIRECTI - DODORA BATCH POOL AGREEMENT

This agreement is entered into and effective from the 15 day of June, 2004, between DIRECT INFORMATION PRIVATE LIMITED – a Company Registered and Incorporated under the provisions of the Companies Act, 1956 having its Registered Office at 102 Osia Friendship 4th Gaothan Lane Off: J. P. Road Opp. Ram Mandir Andheri (West) Mumbai 400 053 India (hereinafter referred to as "Directi") and Michael S. Bernstein, in his capacity as Receiver for Dodora Unified Communications, Inc. in Cause No. CC-03-3182-E in County Court at Law Number Five, Dallas County; *Compana, LLC v. Dodora Unified Communications, Inc.*

This agreement is subject to Court Approval in cause number CC-03-3182-E in County Court at Law Number Five, Dallas County; *Compana, LLC v. Dodora Unified Communications.* This agreement terminates when the judgment in Cause No. CC-03-3182-E is satisfied or settled.

Dodora is an ICANN accredited domain name Registrar. Directi provides Domain Backorder Services.

The parties desire to form a relationship in which Dodora will allow Directi to exclusively use Dodora's allotted Registry Registrar Protocol (RRP) connections to the Verisign Registry's Shared Registration System Batch Pool ("Batch pool") for assistance in registering deleted domain names.

TERM:

This agreement shall commence on the Effective Date indicated above and will continue for 90 days. Unless terminated by its terms or by the parties, this contract shall renew for additional periods of 90 days.

SERVICES:

Directi will have the exclusive right to the Batch Pool connections of Dodora during the term of this agreement. Directi may partner with Service Providers for using these Batch Pool connections.

Dodora will be notified for each name Registered through Dodora's Batch Pool connections. Dodora acknowledges that it will maintain sufficient balance with the Registry at anytime in order to allow for smooth Domain Registration. Directi will pay Dodora such fees in advance of the due date for the fees.

FEES:

The receiver, on behalf of Dodora, will receive a Commission of 75% of the gross monthly revenue generated by Directi, plus $6 per domain name registered through Dodora's Batch Pool connections, payable by the 10th of each month for the previous month.

... to this agreement, in whole or in part, with ... ... from the

This ... ...

This ... ... shall be governed by and interpreted and enforced ... ... ... ... the laws of the ... ... ... therein without reference to rules governing ... ... ... ... ... ion ... ... ... ... agreement must be brought in Mumbai High Court ... ... ... ... ... ... ... to it, situated in Mumbai. Directi reserves the right to enforce the law in ... ... ... ... ... ... District where the Registered Corporate/Branch Office, or Place of Management ... ... ... are situated as per the laws of that Country/State/District

ENTIRE AGREEMENT

This agreement constitutes the entire agreement between the parties for the ... ... ...

They are the complete and exclusive agreement between the parties with respect to the subject matter hereof, superseding and replacing any and all prior agreements, communications, and understandings (both written and oral) regarding such subject matter.

SIGNATURES

Directi

Signature
BHAVIN TURAKHIA
Print Name:
6/15/04
Date

Dodora Unified Communications, Inc.

Signature

Michael S. Schützman, as receiver for Dodora

Date 6/15/04

Directi – Dodora Partner Agreement, page 3 of 3.

# Directi-Dodora Management Agreement

This agreement is between Michael S. Bernstein, in his capacity as receiver for Dodora Unified Communications, Inc., in Cause No. CC-03-3182-E in County Court at Law Number Five, Dallas County, Texas, USA; Compana, LLC v. Dodora Unified Communications, Inc. and Direct Information Private Limited (hereinafter referred to as "LogicBoxes"). This agreement contains and incorporates the terms of the Directi – Dodora Partner Agreement entered into by the parties at or about the same date.

<u>This agreement is subject to Court Approval</u> in cause number CC-03-3182-E in County Court at Law Number Five, Dallas County; Compana, LLC v. Dodora Unified Communications. This agreement terminates when the judgment in Cause No. CC-03-3182-E is satisfied or settled.

LogicBoxes is currently powering over 6 ICANN Accredited Registrars - Directi.com, Signdomains.com, NameShare, Name Intelligence, esoftWiz, Name King and many others currently in the pipeline.

In case of Dodora, LogicBoxes will be able to offer a complete platform to allow Dodora to carry out their business as is. Here is a brief outline proposal of the process LogicBoxes will be following for this -

## *Dodora's Responsibility*

1. Verisign will provide to LogicBoxes a list of Domain Names which Dodora is maintaining to the extent known to the receiver and with as much information as can be provided by Verisign.

2. Dodora will provide to LogicBoxes as much information of the Customer as is available to them

3. Dodora acknowledges that LogicBoxes will redirect the Dodora website and all communication to Dodora, to an appropriate destination, in order to allow LogicBoxes to provide the services under this contract. Dodora gives all necessary permissions and will cooperate with LogicBoxes to allow LogicBoxes to effectuate all services under this contract. Dodora will also give LogicBoxes required authorization and authentication information to connect to the Registry as well as communicate with the Registry on Dodora's behalf

... all fees that it owes to ICANN.

... ... will not charge anything for deployment ...
... of Dodora ...                                                    ... ction

... Duration

... and Dodora may terminate this agreement with ... (30) days
notice.

*Jurisdiction*

This Agreement shall be governed by and interpreted and enforced in
accordance with the laws of Mumbai, India, applicable therein without
reference to rules governing choice of laws. Any action relating to this
Agreement must be brought in a court in Mumbai, India.

LogicBoxes reserves the right to enforce the law in the
Country/State/District where the Registered/Corporate/Branch Office,
or Place of Management of Dodora is situated as per the laws of that
Country/State/District.

For LogicBoxes

Bhavin Turakhia
CEO

For Dodora Unified Communications, Inc.

Michael S. Bernstein, Receiver

Dated:    June 2004                    June 15, 2004

Management Agreement, Page 3 of 3.

No. CC 03-3182-E

| | |
|---|---|
| Compana LLC | In The County Court |
| vs. | At Law Number Five Of |
| Dodora Unified Communications, Inc. | Dallas County, Texas |

### Agreed Order Closing Receivership

IT IS ORDERED that this receivership be and the same hereby is terminated; and that the receiver be, and he is released and discharged from all obligations under his bond and under this receivership;

ORDERED that the Receiver's Motion To Approve Contracts is hereby denied as moot;

ORDERED that all actions taken by the receiver during the pendency of the receivership are APPROVED in all respects;

ORDERED that all funds on deposit with the receiver as of 11/30/04 ($21,710.12) shall be distributed to the Receiver as additional approved receiver's fees and to Mark Blenden as per their agreement;

ORDERED that the Clerk of the Court immediately release and pay the sum of $100.00 which is being held as a cash bond in the registry of this court, to The Blenden Law Firm, P.O. Box 560326, Dallas, Texas 75356. The Clerk may deduct its statutory fee.

This ORDER terminates any levy or attachment not already released by the receiver.

SIGNED ON December 13, 2004

Mark Greenberg, Judge Presiding

AGREED:

Randal C. Shaffer, Attorney for
Dodora Unified Communications, Inc.

12/7/04

Michael S. Bernstein, Receiver

Mark P. Blenden, Attorney for
Compana L.L.C.

NO. 04-10337-E

| | | |
|---|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC., | § § § | IN THE COUNTY COURT |
| Plaintiff, | § § | |
| v. | § § | AT LAW NO. 5 |
| COMPANA, L.L.C., | § § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## AGREED ORDER OF DISMISSAL

The Court, having been advised that the parties jointly wish to have this suit dismissed with prejudice, finds that this matter should be dismissed with prejudice.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that all claims asserted in this cause are hereby dismissed with prejudice to the re-filing of same.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own costs.

SIGNED this 13 day of December, 2004.

_Mark Greenberg_

_____
JUDGE PRESIDING

AGREED ORDER OF DISMISSAL – PAGE 1

AGREED AS TO FORM:

Randal C. Shaffer
Counsel for Plaintiff

12/13/04

Mark Blenden
Counsel for Defendant

AGREED ORDER OF DISMISSAL – PAGE 2

# Michael S. Bernstein, P.C.

Attorney at Law, Receiver

1301 Northwest Highway, Suite 204 Garland, Texas 75041-5896 • (972) 271-2700 Office • (972) 271-1818 Fax

December 14, 2004

Bhavin Turakhia
Direct Information Private Limited
102 Osia Friendship
4th Gaothan Lane
Mumbai 400 053 India

via fax to 320 / 210-5146
faxing this page

RE:    Receivership in Cause No. CC-03-3182-E in County Court at Law Number Five, Dallas
County; *Compana, LLC v. Dodora Unified Communications*

MyFile No. 2148b

Dear Bhavin:

The Court has closed the receivership. The order closing the receivership specifically releases
any liens or levy placed by the receiver. By this letter, I am also releasing any liens or levies on
property or property rights of Dodora Unified Communications, Inc.

The receivership is closed and my role, duties, and obligations are concluded.

Control should be returned to Dodora. Any money remaining due to Dodora under the contracts
should be paid to Dodora.

Thank you very much for your guidance and technical assistance throughout this case.

Very truly yours,

Michael S. Bernstein, Receiver

c:    Mark P. Blenden, Esq., via fax to 817 / 267-1992; your file No. 23028

c:    Randy C. Shaffer, Esq., via fax to 214 / 720-9910

**NetworkSolutions®**    FREE OFFERS    WHOIS    VIEW ORDER    CUSTOMER SERVICE    ACCOUNT MANAG

| HOME | REGISTER A DOMAIN | CREATE A WEB SITE | BUY E-MAIL | PURCHASE HOSTING | PROMOTE YOUR SITE | GROW YOUR BUSINESS | TRANSFER YOUR DOMAI |

## Private Registration
## Protect your privacy from spammers and telemark

# WHOIS SEARCH RESULTS

BUY THE AVAILABLE DO
FOR THIS DOMAIN NAM

### WHOIS RECORD FOR

## harponit.com

IMAGE NOT
AVAILABLE

Certified Offer Service - Make an offer on this
domain
Backorder - Try to get this name when it
becomes available
Similar Names - See suggested alternatives for
this domain

HARPONIT.COM is not registered by us.
The previous information has been obtained either directly from the registrant
or a registrar of the domain name other than Network Solutions. Network
Solutions, therefore, does not guarantee its accuracy or completeness.

Show underlying registry data for this record

| | |
|---|---|
| **Current Registrar:** | DIRECT INFORMATION PVT. LTD., DBA DIRECTI.COM |
| **IP Address:** | 65.39.211.127  (ARIN & RIPE IP search) |
| **IP Location:** | CA(CANADA)-BRITISH COLUMBIA-PARKSVILLE |
| **Record Type:** | Domain Name |
| **Server Type:** | Apache |
| **Lock Status:** | ACTIVE |
| **Web Site Status:** | Active |
| **DMOZ** | no listings |
| **YI Directory:** | see listings |
| **Secure:** | No |
| **E-commerce:** | No |
| **Traffic Ranking:** | Not available |
| **Data as of:** | 08-Jun-2004 |

harponit
harponit
harponit
harponit
harponit
harponit
harponit
harponit
harponit
harponit
harponit
harponit
harponit

SEARCH AGAIN

**Enter a search term:**

e.g. networksolutions.c

**Search by:**
- ● Domain Name
- ○ NIC Handle
- ○ IP Address

SEAR

RELATED CATEGORIES

Harmonica Case Harp
Blues Harp
Purchase Harp
Salvi Harp

**NetworkSolutions**®    FREE OFFERS    WHOIS    VIEW ORDER    CUSTOMER SERVICE    ACCOUNT MANAG

| HOME | REGISTER A DOMAIN | CREATE A WEB SITE | BUY E-MAIL | PURCHASE HOSTING | PROMOTE YOUR SITE | GROW YOUR BUSINESS | TRANSFER YOUR DOMAI |

### Private Registration
### Protect your privacy from spammers and telemarl

# WHOIS SEARCH RESULTS

BUY THE AVAILABLE DC
FOR THIS DOMAIN NAM

WHOIS RECORD FOR

## tcmusictogether.com

IMAGE NOT
AVAILABLE

Certified Offer Service - Make an offer on this
domain
Backorder - Try to get this name when it
becomes available
Similar Names - See suggested alternatives for
this domain

TCMUSICTOGETHER.COM is not registered by us.
The previous information has been obtained either directly from the registrant or
a registrar of the domain name other than Network Solutions. Network
Solutions, therefore, does not guarantee its accuracy or completeness.

Show underlying registry data for this record

| | |
|---|---|
| **Current Registrar:** | DIRECT INFORMATION PVT. LTD., DBA DIRECTI.COM |
| **IP Address:** | 67.15.35.16 (ARIN & RIPE IP search) |
| **IP Location:** | US(UNITED STATES)-NEW JERSEY-HIGHTSTOWN |
| **Record Type:** | Domain Name |
| **Server Type:** | Apache |
| **Lock Status:** | ACTIVE |
| **Web Site Status:** | Active |
| **DMOZ** | no listings |
| **Y! Directory:** | see listings |
| **Secure:** | No |
| **E-commerce:** | Yes |
| **Traffic Ranking:** | Not available |
| **Data as of:** | 08-Jun-2004 |

tcmusictoget...

tcmusictoget...

tcmusictoget...

tcmusictoget...

tcmusictoget...

tcmusictoget...

tcmusictoget...

tcmusictoget...

tcmusictoget...

tcmusictoget...

tcmusictoget...

tcmusictoget...

tcmusictoget...

C

SEARCH AGAIN

**Enter a search term:**

e.g. networksolutions.c

**Search by:**
- ● Domain Name
- ○ NIC Handle
- ○ IP Address

SEAR

RELATED CATEGORIES

music
buy music
record labels
record label

**NetworkSolutions**    FREE OFFERS    WHOIS    VIEW ORDER    CUSTOMER SERVICE    ACCOUNT MANAG

| HOME | REGISTER A DOMAIN | CREATE A WEB SITE | BUY E-MAIL | PURCHASE HOSTING | PROMOTE YOUR SITE | GROW YOUR BUSINESS | TRANSFER YOUR DOMAI |

**Private Registration**
Protect your privacy from spammers and telemarl

# WHOIS SEARCH RESULTS

BUY THE AVAILABLE EXT
FOR THIS DOMAIN NAM

**WHOIS RECORD FOR**

thebirthdayc...

thebirthdayc...

## thebirthdayclub.net

thebirthdayc...

IMAGE NOT AVAILABLE

Certified Offer Service - Make an offer on this domain
Backorder - Try to get this name when it becomes available
Similar Names - See suggested alternatives for this domain

THEBIRTHDAYCLUB.NET is not registered by us.
The previous information has been obtained either directly from the registrant or a registrar of the domain name other than Network Solutions. Network Solutions, therefore, does not guarantee its accuracy or completeness.

Show underlying registry data for this record

thebirthdayc...

thebirthdayc...

thebirthdayc...

thebirthdayc...

thebirthdayc...

thebirthdayc...

**SEARCH AGAIN**

| | |
|---|---|
| **Current Registrar:** | DIRECT INFORMATION PVT. LTD., DBA DIRECTI.COM |
| **IP Address:** | 67.15.35.16  (ARIN & RIPE IP search) |
| **IP Location:** | US(UNITED STATES)-NEW JERSEY-HIGHTSTOWN |
| **Record Type:** | Domain Name |
| **Server Type:** | Apache |
| **Lock Status:** | ACTIVE |
| **Web Site Status:** | Active |
| **DMOZ** | no listings |
| **Y! Directory:** | see listings |
| **Secure:** | No |
| **E-commerce:** | No |
| **Traffic Ranking:** | 2 |
| **Data as of:** | 08-Jun-2004 |

**Enter a search term:**

e.g. networksolutions.c

**Search by:**
- ● Domain Name
- ○ NIC Handle
- ○ IP Address

SEAR

**RELATED CATEGORIES**

birthday
birthday gifts
birthday gift
birthday presents
birthday present

happy birthday
birthday present ideas
birthday party

```
>
> Dear Dodora,
>
> I am writing this letter as a representative of Explorer, a.s.
> company. We
> had established a relationship with you in the past and had
> registered many
> domains through your registrar API. Not a long ago your company
> seemed to
> encounter some problems and the management of all our domains was
> transferedto DirectI company. Now, however, we are unable to
> manage our domains at
> all, as DirectI has stopped providing us their API for our Dodora-
> registereddomains and until now we've been unable to find any way
> to manage these
> domains on your website.
> We would like to know whether you are going to provide us with any
> way to
> manage our domains, and if so, then when and how?
> Thank you for the information.
>
> Best regards,
> _____
> Miroslav Cvach
> System Administrator/Helpdesk
>
> Explorer, a. s.
> Budejovicka 1123/13
> 140 00  Prague 4
> Czech Republic
>
> t:+420 2 4173 2103
> f::+420 2 4173 4614
> e: cvach@explorer.cz
> w:  <blocked::" target="l">http://www.explorer.cz/>
> http://www.explorer.cz_____
>
>
```

1

**Joyce Corey wrote:**

    Ron –

    Taryn just returned from his travels this morning.  I have discussed it with
    him and have touched Base with our legal counsel.  We want to ensure that we
    are in accord with any agreements or court directives.

    Please rest assured that no payments will be issued to either Directi or
    Dodora until we are certain who should be receiving the funds and for which
    time periods.

    Either Taryn or myself will have an answer for you next week at the latest.

    Joyce

    -----Original Message-----
    From: Ron Garraud [mailto:rgarraud@ieee.org]
    Sent: Friday, December 17, 2004 12:59 PM
    To: Joyce Corey
    Cc: Len Bayles


    Subject: Dodora EQR Payment

    Hello Joyce,

    I left you a voicemail this morning and I wanted to follow up with you over
    email.  What is the status of Dodora EQR payment for this month?

    Thanks!
    Ron

❧JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DODORA UNIFIED COMMUNICATIONS, INC.

## DEFENDANTS
DIRECT INFORMATION PVT. LTD., LOGICBOXES, WEBHOSTING.INFO, TRANSECUTE (i) PVT. LTD., **APPENDIX B  CIVIL COVER SHEET** RESELLERSRS, INC. and ANSWERABLE, INC., COLLECTIVELY d/b/a "DIRECTI.COM"

**(b)** County of Residence of First Listed Plaintiff  ESSEX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 617-720-2626
Nicholas B. Carter, Raymond P. Ausrotas
TODD & WELD LLP, 28 State Street, Boston, MA 02109

Attorneys (If Known)

05  10016  NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

G 1  U.S. Government Plaintiff

G 3  Federal Question (U.S. Government Not a Party)

G 2  U.S. Government Defendant

☒  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | G 1 | G 1 | Incorporated or Principal Place of Business In This State | ☒ | G 4 |
| Citizen of Another State | G 2 | G 2 | Incorporated and Principal Place of Business In Another State | G 5 | ☒ |
| Citizen or Subject of a Foreign Country | G 3 | G 3 | Foreign Nation | G 6 | G 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| G 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | G 610 Agriculture | G 422 Appeal 28 USC 158 | G 400 State Reapportionment |
| G 120 Marine | G 310 Airplane | G 362 Personal Injury— Med. Malpractice | G 620 Other Food & Drug | | G 410 Antitrust |
| G 130 Miller Act | G 315 Airplane Product Liability | G 365 Personal Injury — Product Liability | G 625 Drug Related Seizure of Property 21 USC | G 423 Withdrawal 28 USC 157 | G 430 Banks and Banking |
| G 140 Negotiable Instrument | G 320 Assault, Libel & Slander | G 368 Asbestos Personal Injury Product Liability | G 630 Liquor Laws | | G 450 Commerce/ICC Rates/etc. |
| G 150 Recovery of Overpayment & Enforcement of Judgment | G 330 Federal Employers' Liability | | G 640 R.R. & Truck | **PROPERTY RIGHTS** | G 460 Deportation |
| G 151 Medicare Act | G 340 Marine | **PERSONAL PROPERTY** | G 650 Airline Regs. | G 820 Copyrights | G 470 Racketeer Influenced and Corrupt Organizations |
| G 152 Recovery of Defaulted Student Loans (Excl. Veterans) | G 345 Marine Product Liability | G 370 Other Fraud | G 660 Occupational Safety/Health | G 830 Patent | G 810 Selective Service |
| G 153 Recovery of Overpayment of Veteran's Benefits | G 350 Motor Vehicle | G 371 Truth in Lending | G 690 Other | G 840 Trademark | G 850 Securities/Commodities/ Exchange |
| G 160 Stockholders' Suits | G 355 Motor Vehicle Product Liability | ☒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | G 875 Customer Challenge 12 USC 3410 |
| G 190 Other Contract | G 360 Other Personal Injury | G 385 Property Damage Product Liability | G 710 Fair Labor Standards Act | G 861 HIA (1395ff) | G 891 Agricultural Acts |
| G 195 Contract Product Liability | | | G 720 Labor/Mgmt. Relations | G 862 Black Lung (923) | G 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | G 863 DIWC/DIWW (405(g)) | G 893 Environmental Matters |
| G 210 Land Condemnation | G 441 Voting | G 510 Motions to Vacate Sentence | G 730 Labor/Mgmt. Reporting & Disclosure Act | G 864 SSID Title XVI | G 894 Energy Allocation Act |
| G 220 Foreclosure | G 442 Employment | Habeas Corpus: | G 740 Railway Labor Act | G 865 RSI (405(g)) | G 895 Freedom of Information Act |
| G 230 Rent Lease & Ejectment | G 443 Housing/ Accommodations | G 530 General | | **FEDERAL TAX SUITS** | G 900 Appeal of Fee Determination Under Equal Access to Justice |
| G 240 Torts to Land | G 444 Welfare | G 535 Death Penalty | G 790 Other Labor Litigation | G 870 Taxes (U.S. Plaintiff or Defendant) | |
| G 245 Tort Product Liability | G 440 Other Civil Rights | G 540 Mandamus & Other | G 791 Empl. Ret. Inc. Security Act | G 871 IRS—Third Party 26 USC 7609 | G 950 Constitutionality of State Statutes |
| G 290 All Other Real Property | | G 550 Civil Rights | | | G 890 Other Statutory Actions |
| | | G 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

G 2 Removed from State Court

G 3 Remanded from Appellate Court

G 4 Reinstated or Reopened

G 5 Transferred from another district (specify)

G 6 Multidistrict Litigation

G 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action to recover internet domain name property wrongfully converted by Defendants.

## VII. REQUESTED IN COMPLAINT:
G CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   G No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  1·5·05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only).  Dodora Unified Communications, Inc. v.
Direct Information PVT. LTD., et al.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
local rule 40.1(a)(1)).

☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

☒  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.                             05   10016 NMC

☐  V.   150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
this district please indicate the title and number of the first filed case in this court.

    N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES ☐    NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
28 USC §2403)

                                                          YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                          YES ☐    NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES ☐    NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
40.1(d)).

                                                          YES ☒    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☒        Central Division ☐        Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies,  residing in Massachusetts reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
yes, submit a separate sheet identifying the motions)

                                                          YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Nicholas B. Carter, Esq., Raymond P. Ausrotas, Esq.

ADDRESS  TODD & WELD LLP, 28 State Street, 31st Floor, Boston, MA 02109

TELEPHONE NO.  (617) 720-2626

(Coversheetlocal.wpd - 10/17/02)