UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>DIRECT INFORMATION PVT. LTD., LOGICBOXES, WEBHOSTING.INFO, TRANSECUTE (I) PVT LTD., RESELLERSRS, INC., AND ANSWERABLE, INC., COLLECTIVELY d/b/a "DIRECTI.COM"<br><br>Defendants. | Civil Action<br>No. _____ |

**MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, plaintiff Dodora Communications, Inc. ("Dodora") respectfully requests a preliminary injunction enjoining Defendants Direct Information Pvt. Ltd., LogicBoxes, webhosting.info, Transecute (I) Pvt Ltd., ResellerSRS, Inc., and Answerable, Inc., collectively doing business as "Directi.com" ("Defendants" or "Directi") from accessing or transferring Dodora's assets, and ordering their immediate return.

In support, Dodora submits its Verified Complaint and an accompanying Memorandum of Law, and further states:

1.      Dodora has brought this matter to recover funds and domain name assets from Directi to which Directi has no legal right or title. As set forth in the accompanying Memorandum, Dodora is likely to succeed on the merits of its claims.

2. On December 20, Dodora independently made a demand upon Defendants, through their Chief Executive Officer, Bhavin Turakhia, for the return of its ".com" and ".net" domain assets, and its residual income funds, in the possession of Defendants. Mr. Turakhia refused.

3. Dodora will be irreparably harmed if it does not promptly receive these assets from Defendants as Dodora is a start-up company and it will likely not survive without the immediate return of these assets. Dodora needs its ".com" and ".net" domain assets in order to viably operate its internet business.

**WHEREFORE**, Dodora respectfully requests that this Court:

A.  enjoin Defendants from accessing, conveying, transferring, assigning, or encumbering the assets of Dodora, or, if such a conveyance, transfer, assignment, or encumbrance has occurred, declare such conveyance, transfer, assignment, encumbrance or sale to be null and void and without the authority of law;

B.  order Defendants immediately (i) to return Dodora's ".net" and ".com" domain names with its registrant/customer database, and all accompanying login credentials, rights and title necessary to access and operate the registrant/customer database; (ii) to pay any transfer fees or other administrative costs associated with the return of these domain names to Dodora; (iii) to purge any and all such information contained in Directi's files concerning Dodora's domain names and its registrant/customer database (including but not limited to customer information such as renewal dates); (iv) to return Dodora's electronic mail communications directed to the "dodora.com" and "dodora.net" domains since June of 2004; and (v) to return Dodora's residual income and any other funds received on Dodora's behalf from its customers since June of 2004;

C.  declare that Dodora owns clear title to domain names provided to Directi since June 15, 2004 that remain in Directi's possession, which declaration is or may be necessary to present to third parties, including but not limited to ICANN and VeriSign, to secure the transfer of Dodora's customer domain names back to Dodora; and

D.  award such other and further relief as the Court may deem just and proper.

## HEARING REQUESTED

Dodora respectfully requests a hearing on this Motion, as it believes that a hearing would be of assistance to the Court. Dodora is submitting herewith a Motion for Short Order of Notice requesting a hearing on January 12, 2005 or at the Court's earliest convenience in January, 2005.

        Respectfully submitted,

        DODORA UNIFIED COMMUNICATIONS, INC.

        By its attorneys,

        /s/ Nicholas C.
        Nicholas B. Carter (BBO # 561147)
        Raymond P. Ausrotas (BBO # 640315)
        TODD & WELD LLP
        28 State Street, 31st Floor
        Boston, MA  02109
        (617) 720-2626

Dated: January 5, 2005