United States District Court
District of Massachusetts

_____
                                    )
DODORA UNIFIED COMMUNICATIONS,      )
INC.,                               )
                                    )
       Plaintiff,                   )   Civil Action No.
                                    )   05-10016-NMG
       v.                           )
                                    )
DIRECT INFORMATION PVT. LTD.,       )
LOGICBOXES, WEBHOSTING.INFO,        )
TRANSECUTE (I) PVT LTD.,            )
RESELLERSRS, INC., AND              )
ANSWERABLE, INC., COLLECTIVELY      )
d/b/a "DIRECTI.COM"                 )
                                    )
       Defendants.                  )
_____ )

**PRELIMINARY INJUNCTION**

**GORTON, J.**

Plaintiff Dodora Unified Communications, Inc. has alleged that the above-named defendants have wrongfully retained possession of certain of its property they were assigned in June, 2004. At that time the defendant, Direct Information Pvt. Ltd., was retained by a court-appointed Receiver to manage plaintiff's property. The receivership has since been dissolved.

This Court issued a temporary restraining order on January 5, 2005, which has been renewed with the consent of the parties. Plaintiff moved for a preliminary injunction pursuant to Fed. R. Civ. P. 65 and this Court held a hearing regarding that motion on January 21, 2005. The motion for a preliminary injunction is

hereby ALLOWED, in part, and DENIED, in part, as set forth in detail below.

After consideration of the arguments of counsel and review of the documents on file, the Court finds that a preliminary injunction is warranted because, with respect to the matters referred to below, 1) plaintiff is likely to succeed on the merits of its claims, 2) plaintiff will suffer irreparable harm if the injunction is not ordered, 3) a balancing of harms favors plaintiff and 4) the injunction will serve the public interest. See Lanier Professional Services, Inc. v. Ricci, 192 F.3d 1, 3 (1st Cir. 1999); Keds Corp. v. Renee Int'l Trading Corp., 888 F.2d 215, 220 (1st Cir. 1989).

The preliminary injunction will apply only to defendants Direct Information Pvt. Ltd., Transecute (I) Pvt. Ltd. and ResellerSRS, Inc., doing business as Directi.com (collectively "Directi" or "the Defendants"). Defendants' counsel has informed the Court that 1) Logicboxes and Webhosting.info are merely trade names of Directi and are therefore not proper defendants, and 2) Answerable, Inc. has no affiliation with the other defendants and is not involved in this dispute. Plaintiff has offered no evidence to rebut those assertions and has not, therefore, demonstrated a reasonable likelihood of success on the merits with respect to its claim against Logicboxes, Webhosting.info or Answerable, Inc.

It is accordingly hereby ORDERED, ADJUDGED and DECREED that:

1) To the extent not already done, Defendants shall a) transfer control of, and b) return to plaintiff all the information in their possession regarding, the domain names of plaintiff's customers (estimated to be approximately 18,000) of which Defendants took control in or about June, 2004, when Defendants were appointed to manage plaintiff's business. Defendants shall not use any such information relating to plaintiff's customers except insofar as it may be relevant to their defense in this action or for valid tax or accounting purposes.

2) Defendants shall provide to plaintiff a list of the approximately 1,700 domain names which defendants contend represent customers who chose to transfer their business to defendants between June, 2004 and January, 2005. The parties shall jointly a) inform such customers that they have a choice of registrars and b) provide information to those customers with respect to how they can be restored as customers of plaintiff if they so choose. Fees relating to the transfers of such service, if any, shall be borne by the customer or the plaintiff, subject to reimbursement to plaintiff if it prevails at trial.

3) Defendants shall pay to plaintiff forthwith $2,566.42, the net amount, in excess of legitimate expenses and fees, admittedly received by defendants as a result of plaintiff's

business.

4) Defendants shall transmit to plaintiff all communications from Dodora customers, including e-mails, received by Defendants during the time they managed Dodora's business, to the full extent that they are retrievable. Defendants shall not use any such information except insofar as it may be relevant to their defense in this action or for valid tax or accounting purposes.

This preliminary injunction is intended to and does replace and supercede the temporary restraining order previously in force. Because of the nature of this action and it appearing that the plaintiff is financially secure and capable of paying any costs or damages that may be incurred by the defendants in the event of any finding that this preliminary injunction was wrongfully issued, the Court finds that no security is necessary.

This preliminary injunction shall remain in full force and effect until the case is decided on the merits or until modified by further order of this Court.

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated: February 3, 2005