UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| _____ ) | |
| DODORA UNIFIED COMMUNICATIONS, ) INC., ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 05-10016-NMG |
| ) | |
| DIRECTINFORMATION PVT. LTD., ) | |
| LOGICBOXES, WEBHOSTING. INFO., ) | |
| TRANSECUTE (I) PVT. LTD., ) | |
| RESELLERSRS, INC., AND ) | |
| ANSWERABLE, INC., COLLECTIVELY ) | |
| d/b/a "DIRECTI.COM" ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
AND FOR FAILURE TO STATE A CLAIM**

The defendants ResellerSRS, Inc. ("ResellerSRS") and Transecute (I) Pvt, LTD.

("Transecute") hereby move to dismiss the claims of the plaintiff, Dodora Unified

Communications, Inc. ("Dodora"), due to lack of personal jurisdiction, pursuant to Fed.

R. Civ. P. 12(b)(2) and Mass. G.L.c. 223A, § 3.  The defendant DirectInformation Pvt.

Ltd. ("Directi") moves, pursuant to Fed. R. Civ. Pro. 12(b)(6), to dismiss the claims

against the putative defendants Logicboxes and Webhosting.Info.

**I.      Facts**

As set forth in the plaintiff's complaint, which allegations the defendants recite

only for purposes of this motion, Dodora is a company engaged in the business of

owning, registering and reselling internet domain names.  (Verified Complaint, ¶ 1).

Dodora alleges that Directi and its numerous subsidiaries and affiliates [including the

remaining named defendants]" gained access to its domain names and customers through

contracts with a Texas receiver that was attempting to collect a default judgment against

them in a matter pending in the state court of Texas.  (Verified Complaint, ¶ ¶1,2).

Dodora alleges that pursuant to contracts entered into with Dodora's receiver, Directi

operated and maintained Dodora's business from June of 2004 through approximately

December of 2004.  (Verified Complaint, ¶ 23).  Dodora alleges that, in doing so, Directi

misappropriated its assets and has refused to pay money collected from Dodora's

customers.  (Complaint, ¶ 28).

Dodora specifically alleges that Directi's contracts with the Texas receiver are

invalid due to lack of approval by the Texas court.  (Complaint, ¶23).   Dodora alleges

"upon information and belief" that the other named defendants also contracted with the

Texas receiver, presumably due to their perceived relationships with Directi.[1]

(Complaint, ¶ 23).   By way of the instant litigation, Dodora seeks to obtain payments of

its funds allegedly owed by the collective defendants and reclaim the domain names

allegedly converted by the defendants.

## II.   Resellers' And Transecute's Motion To Dismiss For Lack Of Personal Jurisdiction.

A party against whom a motion to dismiss under Fed. R. Civ. P. 12(b)(2) is filed

bears the burden of proving the court's personal jurisdiction over the party challenging

jurisdiction. _Foster-Miller, Inc. v. Babcock & Wolcox Canada_, 46 F.3d 138, 145 (1st Cir.

---

[1] It is this perception that likely formed the basis of Dodora's allegations against Answerable, Inc.  In reality, Answerable, Inc. has no relationship with the other named defendants, and is fact, a wholly unrelated client of Directi.  Answerable, Inc. is owned by a Malaysian client of Directi and was not involved in any of the events complained of by Dodora.  (See Affidavit of Bhavin Turakhia, Exhibit A, ¶2.)

ID # 421345v01/14386-2/ 02.11.2005

1995).  "In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction 'is the functional equivalent of a state court sitting in the forum state.'"  *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995), quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir. 1994). Therefore, by application of Massachusetts substantive law, in order to satisfy its jurisdictional burden, Dordora must show that: (1) the assertion of jurisdiction is authorized under the Massachusetts long-arm statute; and (2) if authorized, the exercise of jurisdiction is consistent with basis due process requirements mandated by the United States Constitution.  *Good Hope Industries, Inc. v. Ryder Scott, Co.*, 378 Mass. 1, 5-6 (1979).  Dodora cannot make such a showing.

The Massachusetts long-arm statute provides in relevant part that a non-resident defendant is subject to personal jurisdiction if: (1) the defendant directly or by an agent transacts business in the state; and (2) the plaintiff's claim arises out of that transaction of business.  *G.L.c. 223A, § 3(a); Good Hope Industries, Inc.*, supra at 6.  While the Massachusetts courts have broadly construed the phrase "transacting any business," the plaintiff still must prove purposeful conduct with Massachusetts residents or businesses or within Massachusetts.  *See Tatro v. Manor Care, Inc.*, 416 Mass. 763, 767 (1994); *Ross v. Ross*, 371 Mass. 439, 441 (1976).  Jurisdiction under G.L.c. 223A, § 3 will not lie, however, if: (1) the defendant maintains no office, telephone listing, mailing address or bank account in Massachusetts; (2) neither owns, rents nor uses any property in the state; (3) is not qualified to conduct business in the state and solicits no business in the state; (4) employs no individuals in the state; and (5) has never shipped or delivered any products to Massachusetts.  See *Droukas v. Divers Training Academy, Inc*., 375 Mass.

ID # 421345v01/14386-2/ 02.11.2005

149, 154 (1978); *Automatic Sprinkler Corp. of America v. Seneca Foods Corp.*, 361 Mass. 441, 444-445 (1972).

Applying the above jurisdictional factors to this case compels the conclusion that this Court cannot exercise personal jurisdiction over ResellerSRS or Transecute under the Massachusetts long-arm statute. Neither company is located in Massachusetts, solicits business in Massachusetts, has transacted business in Massachusetts, employs any persons in Massachusetts, or even maintains a bank account in Massachusetts. (Turakhia Aff., ¶¶ 3-4). Transecute provides payment gateway services to companies located in India and had nothing whatsoever to do with this case. (Turakhia Aff., ¶ 3).

The only possible involvement that ResellerSRS had in the events underlying Dodora's complaint is that a third-party, Pool.com, transmitted – from Canada – monies generated by the "batch pool contract" to a bank account held in ResellerSRS' name.[2] However, that bank account is not even located in Massachusetts. (Turakhia Aff., ¶4). Most of that money was transmitted to Mr. Bernstein, the Texas state court receiver, in Texas. Some was transmitted to Directi, but in India, for its fee. (Turakhia Aff., ¶ 4). ResellerSRS was not otherwise involved in the activities complained of by Dodora and has not communicated with Dodora or any other individual in Massachusetts. (Turakhia Aff., ¶ 4).

Dodora therefore cannot establish that either ResellerSRS' or Transecute's contacts with Massachusetts are such as to confer personal jurisdiction upon them here, whether under the Massachusetts long-arm statute or the U.S. Constitution. Accordingly, ResellerSRS and Transecute request that this Court dismiss the claims against them.

---

[2] The batch pool contract was described in Mr. Turakhia's first affidavit, filed in connection with Dodora's motion for a preliminary injunction.

ID # 421345v01/14386-2/ 02.11.2005

### III.    Directi's Motion To Dismiss The Claims Against LogicBoxes And WebHosting.

The allegations of Dodora's complaint are simply not adequate to state claims against the putative defendants LogicBoxes and Webhosting.  Dismissal under Rule 12(b)(6) is appropriate where, as here, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Gorski v. New Hampshire Dept. of Corrections*, 290. F.3d 466, 473 (1st Cir. 2002).  The Court must accept all well-pleaded facts as true, but "need not credit a complaint's 'bald assertions' or legal conclusions." *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996(citations omitted).   The Court may also consider the content of any exhibit to the complaint and if the exhibit "contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."  *Clorox Co. Puerto Rico v. Procter & Gamble Commercial Co.*, 228 F. 3d 24, 32 (1st Cir. 2000).

Dodora's complaint makes bald, unsupportable assertions, which this Court should discredit in ruling on the instant motion.  Dodora alleges that LogicBoxes and Webhosting are two of "numerous subsidiaries and affiliates" "collectively doing business as Directi.com."  (Verified Complaint, ¶ 1).  Dodora further alleges "upon information and belief" that those defendants, in addition to Directi, also contracted with the Texas receiver to operate and maintain Dodora's business.  (Verified Complaint, ¶ 23).

In reality, none of Dodora's allegations concerning LogicBoxes and Webhosting are accurate.  Both LogicBoxes and Webhosting are simply trade names of Directi and/or unincorporated divisions of it, and are not legal entities from which Dodora could

recover. (Turakhia Aff. ¶2). Moreover, Dodora attached copies of the "Directi-Dodora Batch Pool Agreement" and the "Directi-Dodora Management Agreement" as Exhibit C to its verified complaint. Both of those exhibits unambiguously reflect that Directi was the party with which Dodora's receiver contracted and support the conclusion that LogicBoxes and Webhosting are not proper defendants. In light of the above, Dodora has clearly failed to state claims upon which relief could be granted against LogicBoxes and Wehbosting.

## IV.    Conclusion

For the foregoing reasons, ResellersSRS, Inc. and Transecute (I) Pvt. Ltd. respectfully request that this Court grant their motion to dismiss the claims against them. Directi respectfully requests that the Court dismiss all claims against LogicBoxes and WebHosting.

<div style="margin-left:40%">

DIRECTINFORMATION PVT. LTD.,
TRANSECUTE (I) PVT. LTD. and
RESELLERSRS, INC.,
By their attorney,

s/Dustin F. Hecker

_____

Dustin F. Hecker, Esq., BBO# 549171
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 973-6100

</div>

Dated: February 11, 2005

ID # 421345v01/14386-2/ 02.11.2005

## CERTIFICATE OF SERVICE

I, Dustin F. Hecker, hereby certify that on this 11th day of February, 2005, I caused a copy of the foregoing to be served by regular mail to David G. Baker, Esq., 105 Union Wharf, Boston, MA 02109.

s/Dustin F. Hecker

_____

Dustin F. Hecker, Esq.

ID # 421345v01/14386-2/ 02.11.2005