UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC., <br>     Plaintiff, <br><br> v. <br><br> DIRECT INFORMATION PVT. LTD., LOGICBOXES, WEBHOSTING. INFO., TRANSECUTE (I) PVT. LTD., RESELLERSRS, INC., AND ANSWERABLE, INC., COLLECTIVELY d/b/a "DIRECTI.COM" <br>     Defendants. | Civil Action No. <br> 05-10016-NMG |

**ANSWER OF DIRECT INFORMATION PVT. LTD.
TO VERIFIED COMPLAINT**

The defendant Direct Information Pvt. Ltd. ("Directi") hereby responds as follows to the allegations of the verified complaint of the plaintiff, Dodora Unified Communications, Inc. ("Dodora"). Directi notes that the defendants Transecute (I) Pvt. Ltd. and ResellerSRS, Inc. have filed a motion to dismiss the complaint with respect to them on the grounds of lack of personal jurisdiction.

1.   Directi admits the allegations of paragraphs 8, 10 and 14 of the complaint.

2.   Directi denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 9 and 17 – 20 of the complaint.

3.   Directi denies the allegations of paragraphs 2 - 6, 11, 13, 15, 29 – 31, 33 – 34, 36 – 39, 41 – 43, 45 – 48, 50, and 52 – 55 of the complaint.

4.      Directi denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 1 of the complaint. Directi denies the allegations of the second and third sentences of this paragraph.

5.      Directi denies the allegations of the first two sentences of paragraph 7 of the complaint. Directi denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first clause of the third sentence of this paragraph and admits, with respect to itself, Transecute and ResellerSRS only, the allegations of the second clause of this sentence.

6.      Directi admits, with respect to the allegations of paragraph 12 of the complaint, only that ResellerSRS is a foreign corporation.

7.      Directi denies, with respect to the allegations of the first sentence of paragraph 16 of the complaint, that it owns and operates Transecute or ResellerSRS and denies that it owns or operates Answerable, Inc., except that Directi admits that it owns the stock of ResellerSRS. Directi admits only that Mr. Turakhia is the chief executive officer of Directi, Transecute and ResellerSRS and that he owns stock in Directi and Transecute, but denies this allegation with respect to any other defendant. With respect to the third sentence of paragraph 16, Directi admits only that it and Dodora are both in the domain registrar business, along with hundreds of other companies.

8.      Directi admits, with respect to the allegations of the first sentence of paragraph 21 of the complaint, only that the Texas court, in or about January 2004, appointed a receiver. Directi admits, with respect to the allegations of the second sentence of this paragraph, only that the receiver obtained rights to use Dodora's licenses to use its Internet registration systems, held with both VeriSign and ICANN. Directi denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9.      Directi admits, with respect to the allegations of the first sentence of paragraph 22 of the complaint, only that the receiver was Michael S. Bernstein, a Garland, Texas attorney, and that he obtained control over Dodora's login credentials, presumably under Dodora's registrar accreditation agreement with ICANN and VeriSign.  Directi admits, with respect to the allegations of the second sentence of paragraph 22, only that with these login credentials, the receiver obtained some control of, at least, Dodora's Internet business and access to Dodora's customer/registrar database.  Directi denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10.     Directi admits, with respect to the first two sentences of paragraph 23 of the complaint, only that it (but not LogicBoxes) entered into two separate contracts with the receiver in June 2004, the terms of which are set forth in those agreements, and that copies of those two agreements are attached to the complaint as Exhibit C.  Directi denies the allegations of the third sentence of this paragraph.  Directi denies the allegations of the fourth sentence of this paragraph, except admits only that through the authority granted to the receiver and which he delegated to Directi through the contracts, Directi obtained certain information about Dodora's customer database and domain names for which Dodora was listed as registrar and specifically denies that Dodora had, or that Directi received information about, 60,000 domain names as of June 2004.  Directi denies the allegations of the fifth and sixth sentences of this paragraph. Directi admits, with respect to the last sentence of this paragraph, only that it received electronic mail communications directed towards the "Dodora.net" and "Dodora.com" domains and cannot affirm or deny the truth of whether what it received constituted "all electronic mail communications."

11. Directi denies the allegations of the first sentence of paragraph 24 of the complaint. Directi denies the second sentence of this paragraph to the extent that it purports to summarize the agreed order entered in the Texas court, which in fact approved all actions taken by the receiver including his contracts with Directi. With respect to the last sentence of this paragraph, Directi admits only that it received a copy of the communication attached as Exhibit E and denies any other allegations.

12. Directi states that the allegations of paragraphs 25 and 26 of the complaint state legal conclusions, to which no response is required. To the extent a response is required, Directi denies the allegations of those paragraphs.

13. With respect to the allegations of paragraph 27 of the complaint, Directi admits only that it initiated communications with Dodora concerning the transmission of information Directi had obtained in connection with its authorized services to the receiver, states that it was always willing to provide the information, and states further that Dodora and its principal, Ronald Garraud, refused to discuss in any meaningful way how that could be accomplished and, instead, made baseless threats of litigation against Directi.

14. Directi denies the allegations of the first two sentences of paragraph 28. Directi admits, with respect to the third sentence of paragraph 28, only that following the dissolution of the Texas receivership, Dodora obtained access to the registrar and database apparently at issue. With respect to the fourth sentence of this paragraph, Directi denies that Dodora's database of domain names totaled 60,000 as of June 2004 and admits that at least 13,000 domain names were available to Dodora to manage in or about December 2004. Directi denies the allegations of the fourth and fifth sentences of this paragraph and denies knowledge or information sufficient to

form a belief as to whether Exhibit F contains current registrar information for particular domain names.

15.     Directi repeats and realleges, as if set forth fully herein, its responses to the allegations of the paragraphs incorporated by reference within paragraphs 32, 35, 40, 44, 49 and 51 of the complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Directi operated at all times under the authority of a duly appointed receiver in the Texas state courts and pursuant to agreements entered into with him.  Accordingly, Directi's actions and activities, as alleged in the complaint, are protected by the immunity derived from the receiver and the Texas state courts and were specifically allowed under those agreements.

### Third Affirmative Defense

The Court has no subject matter jurisdiction over this case, as the amount in controversy does not exceed $75,000.

### Fourth Affirmative Defense

Directi acted at all times in good faith, under claim of right, and consistent with the rights and obligations set forth in the agreements with the receiver.

### Fifth Affirmative Defense

Directi's actions in fact benefited Dodora's business by, inter alia, keeping its domain name registrar business active during the last six months of the receivership.

### Sixth Affirmative Defense

Dodora's own actions, inter alia, in ignoring the Texas lawsuit, in allowing a default judgment to be entered against it, in allowing a receiver to be appointed, in failing to come to terms with the plaintiff in the Texas case and the receiver more quickly, and in not cooperating with the receiver, caused whatever damages it may have suffered in this case. Accordingly, Dodora can recover nothing from Directi.

### Seventh Affirmative Defense

Directi has not exercised wrongful dominion over any property or assets of Dodora, nor has it retained any monies or property of Dodora. To the extent that any person received any such monies or exercised any improper dominion or control, which Directi denies occurred, it was the receiver in Texas, with respect to whom, on information and belief, Dodora has released all claims and whose actions have specifically been approved, in all respects, by the Texas state court in a judgment agreed to by Dodora. Accordingly, under res judicata and collateral estoppel principles, Dodora's claims are barred for those reasons as well.

### Eighth Affirmative Defense

Dodora's claims are barred by the doctrines of waiver, estoppel, laches and its own unclean hands and inequitable conduct.

### Ninth Affirmative Defense

The actions complained of occurred, inter alia, in Texas in connection with a Texas state court receivership under contracts that require the application of Indian law and that were executed by an Indian corporation and a Texas resident attorney acting as a duly appointed receiver in the Texas state court case. The transactions and occurrences complained of therefore

did not occur "primarily and substantially" within the Commonwealth of Massachusetts and, accordingly, Dodora's c. 93A claim must be dismissed.

### Tenth Affirmative Defense

Directi did not act unfairly or deceptively or knowingly or willfully, as those terms are used within c. 93A.

WHEREFORE, Directi respectfully requests judgment as follows:

A.  Dismissing Dodora's complaint, in its entirety;

B.  Under M.G.L. c. 231, §6f, after a hearing, a finding that Dodora's claims, or parts of them, were false, were not advanced in good faith, and were wholly insubstantial and frivolous and, after such finding, an award of Directi's attorneys' fees, costs and expenses incurred in connection with this action;

C.  Directi's costs and expenses and interest on all amounts; and

D.  Such other and further relief as to this Court may seem just and proper.

DIRECT INFORMATION PVT. LTD.,

By its attorneys,

/s/ Dustin F. Hecker

_____
Dustin F. Hecker, Esq., BBO# 549171
Nancy J. Puleo, Esq., BBO
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street
Boston, MA  02199
(617-973-6100)

Dated:  February 11, 2005

**CERTIFICATE OF SERVICE**

    I, Dustin F. Hecker, hereby certify that on this 11th day of February, 2005, I caused a copy of the foregoing to be served by mail, to: David Baker, Esq., 105 Union Wharf, Boston, Massachusetts 02109.

                                     /s/ Dustin F. Hecker

                                     Dustin F. Hecker, Esq.