UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC.<br><br>                                      Plaintiff,<br><br>                    v.<br><br>DIRECT INFORMATION PVT. LTD., LOGICBOXES, WEBHOSTING.INFO, TRANSECUTE (I) PVT LTD., RESELLERSRS, INC., AND ANSWERABLE, INC., COLLECTIVELY d/b/a "DIRECTI.COM"<br><br>                                    Defendants. | Civil Action<br>No. 05-10016-NMG |

**PLAINTIFF'S OBJECTION TO MOTION TO DISMISS**

      NOW COMES Dodora Unified Communications, Inc., (hereinafter "Dodora") and objects to the motion of ResellerSRS, Inc. (hereinafter "ResellerSRS", and Transecute (I) Pvt. LTD (hereinafter "Transecute"), to dismiss this action as to them based on alleged lack of personal jurisdiction, and of Webhosting. Info. and Logicboxes for failure to state a claim, and for reasons states that the motion and its accompanying memorandum do not provide sufficient factual basis to dispute the allegations of the complaint. Accordingly the motion should be denied.

      In further support of this objection, Dodora submits herewith its memorandum and incorporates the same into this objection to the extent necessary.

March 1, 2005

                                              Respectfully submitted,
                                              Dodora Unified Communcations, Inc.,
                                              By its attorney,

                                              /s/     *David G. Baker*
                                              David G. Baker, Esq.
                                              105 Union Wharf
                                              Boston, MA  02109
                                              BBO # 634889
                                              617-367-4260

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC.<br>                                          Plaintiff,<br><br>v.<br><br>DIRECT INFORMATION PVT. LTD., LOGICBOXES, WEBHOSTING.INFO, TRANSECUTE (I) PVT LTD., RESELLERSRS, INC., AND ANSWERABLE, INC., COLLECTIVELY d/b/a "DIRECTI.COM"<br>                                          Defendants. | Civil Action<br>No. 05-10016-NMG |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

Introduction

       Two defendants in the above captioned matter – ResellerSRS, Inc. (hereinafter "ResellerSRS"), and Transecute (I) Pvt. LTD (hereinafter "Transecute"), seek to dismiss this action as to them based on alleged lack of personal jurisdiction, and two others (hereinafter "LogicBoxes and "webhosting.info") for failure to state a claim.  For the reasons state herein, plaintiff Dodora Unified Communications Inc. (hereinafter "Dodora") respectfully submits that the motion should be denied.

I.     Lack of personal jurisdiction

       ResellerSRS and Transecute claim that they lack minimum contacts with the Commonwealth of Massachusetts such that it would violate Constitutional concepts of due process to permit them to be sued in a Court situated in Massachusetts.  *See generally* International Shoe Co. v. State of Washington, Etc.,  326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ("… due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional  notions of fair play and substantial justice.'")  These defendants have not addressed this basic point.  Rather, they argue that the "long-arm statute" of the Commonwealth of Massachusetts, Gen.Laws Ch. 223A §3, and case law interpreting it, defines the jurisdiction of this Court such that the Court must dismiss the complaint as to them since they lack "minimum contacts".

Personal jurisdiction in this court is governed by 28 USC §1332. In essence, the statute grants original (but not exclusive) jurisdiction of actions in which the parties on one side of a controversy are citizens of a state and on the other side are citizens or subjects of a foreign state, and the amount in controversy is greater than $75,000. The amount in controversy in the present action is not at issue on the present motion. It also appears undisputed that these defendants are citizens or subjects of a foreign state. These defendants also do not claim that jurisdiction is not authorized by the statute. Rather, they simply dispute the "minimum contacts" analysis, i.e., that assertion of personal jurisdiction would not be consistent with basic due process requirements. *See* Back Bay Farm, LLC, v.Allyson Collucio, D/B/A Ashmont Farms, 230 F.Supp.2d 176 (D.Mass. 2002), *ciing* Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir.1995) *and* Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir.1995).

When considering a motion to dismiss based on a lack of personal jurisdiction, the court applies the "long-arm" statute of the forum state, and the inquiry is necessarily fact-intensive. Back Bay Farm. In paragraph 16 of the complaint, Dodora alleges that each of the defendants is owned and operated by Directi, and that Bhavin Turakhia is the owner and CEO of each defendant. Turakhia essentially admits these facts in his affidavit at paragraph 1. These admissions demonstrate the existence, at a minimum, of agency relationships sufficient to support personal jurisdiction under the Massachusetts "long-arm" statute, Mass.Gen.Laws Ch. 223A §3. "In relevant part, that statute provides that '[a] court may exercise personal jurisdiction over a person, who acts directly *or by an agent,* as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth.'" Back Bay Farm (emphasis added). Under the statute, the commission of a tort within the Commonwealth, or without the Commonwealth that causes injury within the Commonwealth, also suffices. Ch. 233A §3. It appears undisputed that a tort was committed[1]. The existence of an agency relationship between Directi and these defendants; Turakhia's admission that he owns them; the fact that Dodora and all of its assets are located in Massachusetts resulting in the tortuous injury occurring in Massachusetts; is sufficient to establish minimum contacts.

Furthermore, there is evidence that Transecute did business with at least one company

---

[1] The fact that it was committed "under color of law" may warrant amendment of the complaint to assert a claim under 42 USC §1983 for violation of Dodora's civil rights. *See* Casa Marie, Inc. v. Superior Court of Puerto Rico, et al, 988 F.2d 252 (1st Cir. 1993) (it is not necessary that a defendant be an officer of the state; willing participants with the state or its agents are subject to liability).

located in Massachusetts. On September 15, 2004, Directi received a payment by way of Transecute for a one-year renewal of the domain name registration for lehimortgage.com. As indicated on the internet receipt, attached, Lehi Mortgage is located in Quincy, Massachusetts. This transaction is a clear indication that Transecute and Directi did business in Massachusetts sufficient to establish minimum contacts with this forum. Although this is only one transaction, given appropriate discovery, it may well be determined that there are other such contacts, notwithstanding Turakhia's disavowal. It should be noted, however, that the transaction is only the <u>beginning</u> of the business relationship between these defendants and Lehi Mortgage, as the contract entered into when the payment was made continues for a one year period.

It must be recognized, as well, that in one form or another, all of these defendants (either individually or collectively) "came" to Massachusetts since all of Dodora's assets were located in Massachusetts when these defendants took control of them. *See paragraph 18 of the complaint*. The fact that the contract with the Texas receiver was executed either in Texas or India is of no consequence. The defendants engaged in a business transaction that required them to come to Massachusetts to assume possession and control of intangible assets of a Massachusetts corporation, which assets were also located in Massachusetts at the time the defendants took control over them. This is sufficient to comply with Mass.Gen.Laws Ch. 233A §3.

Directi does not deny that there is a relationship between it and these two defendants. Indeed, according to Directi's website at http://resellersrs.com, they serve 526,386 customers in 232 countries, including 243,722 customers and 3,365 resellers in the United States. An inference surely is warranted, at least for present purposes, that some of them are in Massachusetts. The link between resellersrs and Directi is similarly demonstrated by the aforementioned website.

For all of the foregoing reasons, Dodora avers that there are sufficient contacts with Massachusetts to meet the requirements of the Massachusetts "long-arm" statute and to comply with constitutional due process requirements. *See generally* <u>Northern Light Technology v. Northern Lights Club</u>, 97 F.Supp.2d 96 (D.Mass. 2000), *aff'd*, 236 F.3d 57, *cert.denied* 533 U.S. 911, 121 S.Ct. 2263, 150 L.Ed.2d 247 (U.S. Jun 11, 2001). There is no question but that Directi and these two defendants essentially are alter-egos for each other and for Bhavin Turakhia. There is no question but that Directi came to Massachusetts to take possession and control of

4

Dodora's assets. There is no question that Transecute engaged in at least one transaction with a Massachusetts resident. There is no indication on the websites for any of these defendants that they would refuse to do business over the internet with a Massachusetts resident (corporate or individual). Furthermore there is nothing on the websites to indicate that they are passive, i.e., that they merely provide information. *See* <u>Back Bay Farm, LLC, v.Allyson Collucio, D/B/A Ashmont Farms</u>, 230 F.Supp.2d 176 , fn.10 (D.Mass. 2002). These defendants are actively soliciting business over the internet without regard to the location of the customer and are therefore "purposefully availing" themselves of the privilege of doing business anywhere and everywhere that a customer comes forward, including Massachusetts. Accordingly, the exercise of personal jurisdiction over these defendants comports fully with the Massachusetts "long-arm" statute and with constitutional due process requirements. The motion must be denied.

II.     <u>Failure to state a claim upon which relief can be granted, as to LogicBoxes and WebHosting</u>

Although these defendants claim that "Dodora's complaint makes bald, unsupportable assertions ….", *memorandum at page 5*, the reality is that the affidavit of Bhavin Turakhia and the memorandum itself make it clear that the complaint passes muster under FRCP 12(b)(6). In considering a motion to dismiss under this rule, the court must accept all well pleaded facts as true and must make all reasonable inferences in favor of the plaintiffs. <u>Watterson v. Page</u>, 987 F.2d 1 (1st Cir. 1993). It is true, as the defendants say, that documents not attached to the complaint may not be considered unless the motion is treated as one for summary judgment. <u>Back Bay Farm, LLC, v.Allyson Collucio, D/B/A Ashmont Farms</u>, 230 F.Supp.2d 176 (D.Mass. 2002), *citing* <u>Watterson</u>. However, Directi's memorandum does not explain how Exhibit A to the complaint warrants a conclusion that Dodora has failed to state a claim against LogicBoxes and webhosting.info; the fact that Directi was the primary tortfeasor does not mean that it was the <u>only</u> tortfeasor or that they were not working together.

The present complaint alleges in paragraph 11 that LogicBoxes is a foreign company, and in paragraph webhosting.info is a foreign company. The affidavit of Bhavin Turakhia does not contradict those statements. Rather, he simply asserts that they are not "separately-incorporated", and that they are simply trade names or "unincorporated divisions of Directi". In addition, the memorandum asserts in conclusory fashion that LogicBoxes and Webhosting.info

"are not legal entities from which Dodora could recover."

These defendants, however, have pointed to no law or rule which would prohibit Dodora from recovering against them because they are unincorporated. In fact, it appears undisputed that they are legal entities that transact business under their own names, although they are owned by Directi or Bhavin Turakhia. There is no allegation that they do not have bank accounts in their own names. Ultimately, it is abundantly clear that all of these defendants are alter-egos for Mr. Turakhia since Mr. Turakhia and Directi are referenced abundantly on the websites for all of these defendants. These connections demonstrate that Mr. Turakhia could move assets of Directi from company to company at will, frustrating enforcement of this Court's judgment. Indeed, the motion and memorandum use the names of all of the defendants (other than Answerable, Inc.) interchangeably and as if they are all one and the same person.

This is Dodora's major concern, and is one that the Court should share. It is clear from the materials properly before the court that Mr. Turakhia establishes companies (both unincorporated and incorporated) as suits his purposes. While his entrepreneurial spirit is laudable, the Court must not be in the position of condoning the use of such business entities to avoid legal liability for the actions of affiliates or "unincorporated divisions," to use his phrase.

For all of these reasons, Dodora avers that the motion to dismiss should be denied.

March 1, 2005

>Respectfully submitted,
>Dodora Unified Communcations, Inc.,
>By its attorney,
>
>/s/     David G. Baker
>David G. Baker, Esq.
>105 Union Wharf
>Boston, MA  02109
>BBO # 634889
>617-367-4260

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC.<br><br>                                   Plaintiff,<br><br>v.<br><br>DIRECT INFORMATION PVT. LTD., LOGICBOXES, WEBHOSTING.INFO, TRANSECUTE (I) PVT LTD., RESELLERSRS, INC., AND ANSWERABLE, INC., COLLECTIVELY d/b/a "DIRECTI.COM"<br><br>                                   Defendants. | Civil Action<br>No. 05-10016-NMG |

Certificate of Service

The undersigned hereby certifies upon information and belief that the within Objection to Motion to Dismiss was served upon the defendants and other parties in interest by the Court's CM/ECF system.

March 1, 2005

        Respectfully submitted,
        Dodora Unified Communcations, Inc.,
        By its attorney,


        /s/      *David G. Baker*
        David G. Baker, Esq.
        105 Union Wharf
        Boston, MA  02109
        BBO # 634889
        617-367-4260

**Directi** The Internet Foundation

Admin Area for pexcellent@hotmail.com                English ( English )    **Sign Out**



**Receipt Details**

Print

**Receipt Details**

| | |
|---|---|
| Transaction Id | 648148 |
| Receipt ID | 8802 |
| Customer Id | 120653 |
| Name | Pierre Excellent |
| Receipt Amount | USD 8.49 ( INR 392.45 ) |
| Pending Amount | USD 0.00 ( INR 0.00 ) |
| Conversion Rate from USD to INR | 46.22 |
| Forex Gain/Loss | -- |
| Transaction Date | Sep 15, 2004 |
| Description | Received USD 8.49 for Renewal of lehimortgage.com for 1 years via Transecute Gateway (Ref: Payment-33503) |
| Company | lehimortgage |
| Address1 | 1073 Hancock Street #301 |
| Address2 | |
| Address3 | |
| City | Quincy |
| Zip | 02169 |
| State | MA |
| Country | US |
| Tel No. | +000.0000000 |

Register Domain l Transfer Domain l Domain Forwarding l Mail Forwarding l Managed DNS l Whois l Knowledgebase

Copyright © DirectI All Rights Reserved
**Powered by:** OrderBox v4.2, Copyright © LogicBoxes, All Rights Reserved