UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
                                                        )
DODORA UNIFIED COMMUNICATIONS,                          )
INC.,                                                   )
              Plaintiff,                                )
                                                        )          Civil Action No.
              v.                                        )          05-10016-NMG
                                                        )
DIRECT INFORMATION PVT. LTD.,                           )
LOGICBOXES, WEBHOSTING. INFO.,                          )
TRANSECUTE (I) PVT. LTD.,                               )
RESELLERSRS, INC., AND                                  )
ANSWERABLE, INC., COLLECTIVELY                          )
d/b/a "DIRECTI.COM"                                     )
              Defendants.                               )
_____)

**EMERGENCY MOTION TO STRIKE EFFORTS TO BLOCK DEPOSITION
AND PRODUCTION OF DOCUMENTS FROM NON-PARTY WITNESS, TO COMPEL
TESTIMONY AND THE PRODUCTION OF DOCUMENTS, AND FOR SANCTIONS.[1]**

At the heart of this case are the plaintiff's complaints about actions taken by and on

behalf of a receiver, duly appointed by a Texas state court, named Michael Bernstein.  The Texas

court appointed Mr. Bernstein to marshal assets of the plaintiff, Dodora Unified Communications

Inc. ("Dodora"), to satisfy a default judgment entered against Dodora in that case.  As part of his

responsibilities to do so, Mr. Bernstein hired the defendant Direct Information Technologies,

Pty., Ltd. ("Directi"), to manage Dodora's domain name business, therefore generating revenues

to enable Mr. Bernstein to satisfy the judgment entered against Dodora.  Dodora eventually

---

[1] This motion is being filed on an emergency basis because trial in this case is scheduled for June 6, 2005.  Counsel for the defendant Directi began the process of conferring with counsel for the plaintiff about the issues underlying this motion on April 19, 2005.  However, it was not until May 11, 2005 that counsel for the plaintiff finally responded to the issues, in a letter he did not send to counsel for Directi.  At that point, plaintiff's counsel made clear the issues could not be resolved, in such a way as to avoid this motion.  The time frames normally required by Local Rule 37.1 either therefore have been satisfied or cannot be in a timely fashion.

settled with Mr. Bernstein and the plaintiff. The settlement released Mr. Bernstein from claims but was designed to allow Dodora then to sue Directi. (Affidavit of Dustin F. Hecker ("Hecker Aff.") ¶¶3-5.)

Dodora has alleged, without any support, that the contracts that Mr. Bernstein entered into with Directi, by which Directi managed Dodora's domain name business, were invalid. (Id. ¶3.) The testimony of Mr. Bernstein, a resident of Texas, is important to establish that, in fact, the contracts were perfectly valid and that Directi's actions were perfectly proper. (Id. ¶5.) It is also important to obtain deposition testimony from Mr. Bernstein about the settlement discussions he conducted with Dodora and the plaintiff in the Texas case. Directi was completely uninvolved in those discussions and simply was informed, after a settlement had been reached, that it should cease performing the work it had been performing under contract with Mr. Bernstein. (Id. ¶4.)

Directi properly served on Mr. Bernstein a subpoena duces tecum and a subpoena for deposition testimony. (Hecker Aff. Exhs. A & B.) Dodora's lawyer was served with two notices of deposition, dated April 11 and 19, respectively, which called for the depositions to occur on April 26, 2005. (Id., Exhs. C & D.)

Any objection or motion to quash by either Dodora or Mr. Bernstein therefore were required to be served or filed by no later than April 26, 2005. F. R. C. P. 45. Mr. Bernstein, however, had requested that Directi's counsel obtain from Dodora's counsel and Dodora's principal, Ronald Garraud, an undertaking that neither Dodora nor Mr. Garraud would sue Mr. Bernstein if he gave the testimony and produced the documents the subpoenas require. (Hecker Aff. ¶6.) While not believing this was necessary, counsel for Directi was willing to attempt to do

2

so to allay any concerns Mr. Bernstein might have that his third-party deposition would result in yet another baseless threat of litigation by the plaintiff and its principal.  (Id.)

Counsel for Dodora, David Baker, did not respond to several attempts by Directi's attorney to obtain that assurance, beginning on April 19, 2005.  (Hecker Aff. ¶4 & ¶7 & Exhs. E & F.)  Mr. Bernstein then took matters into his own hands and, on May 10, 2005, sent to Dodora's lawyer a letter essentially asking him to confirm that he and his client would have no objections to the deposition.  (Id. ¶7 & Exh. G.)

Mr. Baker finally responded.  However, while he conceded there would be no good faith basis for Dodora to file a motion to quash the subpoena, he still threatened Mr. Bernstein with the possibility of litigation for his truthful testimony under oath and pursuant to a valid subpoena. As Mr. Baker's letter states:  "I <u>can</u> say, however, that our failure to file a motion to quash in no way absolves you of anything.  Any past, present or future actions you took as regards Dodora is open to review and, if appropriate, may be the subject of claims against you.  You should govern yourself accordingly."  (Hecker Aff., Exh. H, emphasis in original.)

Mr. Bernstein took the hint.  He has now taken the position that "unless you can obtain Dodora's waiver of the nondisclosure terms [of the settlement agreement], I am unable to appear or provide documents."  (Hecker Aff. Exh. I.)

Dodora's actions in suggesting that Mr. Bernstein might be sued for his truthful testimony, notwithstanding the correct statement that it has no basis to quash the subpoenas, threatens to preclude the defendant from obtaining material testimony from a non-party witness. Notwithstanding Dodora's concession that it has no basis to object to the depositions, it obviously is trying to muzzle Mr. Bernstein and to disrupt Directi's trial preparation.  Dodora has no basis to keep material information from Directi, but if it believed there was some basis for a

3

protective order, it should have requested one some time ago.  Accordingly, Dodora has no good faith basis at this point to do anything to try to block Mr. Bernstein from providing testimony or documents.

Directi obviously seeks, with respect to Mr. Bernstein, only to obtain documents in his file and his testimony.  He has repeatedly expressed his willingness to provide that testimony and those documents, assuming he obtains some protection against what would be an utterly baseless lawsuit by Mr. Garraud or Dodora.  However, given that his May 12, 2005 letter makes clear he will not produce documents or appear for a deposition without an order of the Court, Directi must request that this Court strike his objections and compel him to testify.[2]

Mr. Bernstein received a subpoena in April, 2005.  He did not serve anything that could even be construed as an objection to the subpoenas until May 12, 2005.  Accordingly, his objections are untimely.  Even Dodora has not requested that this Court enter any protective order; for example, requiring Mr. Bernstein's testimony to be used just for this case.  Neither Mr. Bernstein nor Dodora has raised any objections, nor could they, that the scope of discovery sought is improper in any way.  Mr. Bernstein simply seeks an order from this Court to provide him with some protection, which Dodora was unwilling to do, against a potential frivolous lawsuit by Mr. Garraud and Dodora.

WHEREFORE, Directi respectfully requests that the Court compel Mr. Bernstein and Michael S. Bernstein, P.C., to produce the documents requested in the subpoenas and to appear for a deposition on May 25, 2005.  Similarly, Directi requests an order from the Court prohibiting Dodora and its principal, Ronald Garraud, (i) from seeking in any manner to cause Mr. Bernstein and Michael S. Bernstein, P.C., not to produce documents or to provide truthful

---

[2] Mr. Bernstein does not object to this motion.  (Hecker Aff. ¶11.)

4

testimony pursuant to the subpoenas served upon them, and (ii), pursuant to Mr. Bernstein's request, from filing a lawsuit against Mr. Bernstein as a result of his testimony. Finally, Directi requests that the Court order Dodora, as a sanction, promptly to pay the attorneys' fees and expenses that Directi has incurred in connection with this motion.

DIRECT INFORMATION PVT. LTD.,

By its attorneys,

s/Dustin F. Hecker

_____

Dustin F. Hecker, Esq., BBO# 549171
Nancy J. Puleo, Esq., BBO 648457
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street
Boston, MA  02199
(617-973-6100)

Dated:  May 16, 2005

**CERTIFICATE OF SERVICE**

I, Dustin F. Hecker, hereby certify that on this 16th day of May, 2005, I caused a copy of the foregoing to be served by electronic mail, to: David Baker, Esq., 105 Union Wharf, Boston, Massachusetts 02109; and by facsimile to Michael S. Bernstein, Esq., Law Office of Michael Bernstein, P.C., 1301 Northwest Highway, Suite 204, Garland, Texas 75041-5861.

s/Dustin F. Hecker

_____

Dustin F. Hecker

ID # 431642v01/14386-2/ 05.16.2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
                                                )
DODORA UNIFIED COMMUNICATIONS,                   )
INC.,                                            )
                Plaintiff,                       )
                                                 )                Civil Action No.
        v.                                       )                05-10016-NMG
                                                 )
DIRECT INFORMATION PVT. LTD.,                    )
LOGICBOXES, WEBHOSTING. INFO.,                   )
TRANSECUTE (I) PVT. LTD.,                        )
RESELLERSRS, INC., AND                           )
ANSWERABLE, INC., COLLECTIVELY                   )
d/b/a "DIRECTI.COM"                              )
                Defendants.                      )
_____)

**AFFIDAVIT OF DUSTIN F. HECKER AND LOCAL RULE 37.1 AND 7.1(A)(2)
CERTIFICATE**

        Dustin F. Hecker, being duly sworn, deposes and says as follows:

1.      I am an attorney-at-law admitted to practice before this Court.  I represent the
        defendant, Direct Information Technologies Pty. Ltd. ("Directi"), in connection with
        this matter.  I make the following statements of my own knowledge, except as to
        those matters set forth in this affidavit as being based on my belief or understanding.
        With respect to the latter, I believe them to be true.

2.      Our office served subpoenas on Michael S. Bernstein and Michael S. Bernstein, P.C.,
        for, respectively, deposition testimony and documents, in mid-April 2005.  We sent
        notices of deposition to the plaintiff's lawyer, David Baker, on April 11, 2005, and
        again on April 19, 2005.  I attach, as Exhibits A, B, C and D, true and correct copies
        of those documents.

3.      Mr. Bernstein is a Texas resident and the receiver appointed by a Texas state court to
        marshal assets of the plaintiff, Dodora Unified Communications, Inc. ("Dodora"), to
        satisfy a default judgment entered against it in the Texas court.  Mr. Bernstein, on
        June 15, 2004, hired Directi to manage Dodora's domain name business, pursuant to
        the authority vested in him as receiver.  Dodora contends that the contracts under

which Mr. Bernstein hired Directi are invalid and, accordingly, that Directi should pay some unspecified damages to Dodora.

4.    In December 2004, apparently after threats of litigation against Mr. Bernstein, Dodora, Mr. Bernstein and the plaintiff in the Texas case entered into a settlement agreement.  Directi was not at all involved in the settlement discussions and only was informed about it after the deal had occurred.  Dodora contends it carved out from the settlement agreement a right to sue Directi.  Because Mr. Bernstein had previously informed me that he believed the settlement agreement contains some kind of confidentiality clause, I asked Dodora's lawyer, David Baker, on April 19, 2005 to confirm that he did not view the agreement as prohibiting Mr. Bernstein's testimony.  (See e-mail attached as Exh. E hereto.)  Mr. Baker never responded, as best I can remember, and certainly did not so indicate to me.

5.    Mr. Bernstein's testimony is material to Directi's defense against Dodora's claims in connection with a number of issues, including, in particular, the execution of the agreements, Mr. Bernstein's authority to enter into them, what occurred during the receivership both before and after Directi was hired, and the settlement agreement and its negotiations.

6.    Mr. Bernstein told me that he was concerned that either Dodora or its principal, Ronald Garraud, would sue him notwithstanding that we properly served him with subpoenas and that Dodora has never raised any objections (timely or otherwise) to the subpoenas.  While I can think of no good faith basis for such a lawsuit, he was quite concerned about that.  Accordingly, I agreed to try to obtain from Dodora's lawyer, David Baker, an undertaking that neither Dodora nor Mr. Garraud would sue Mr. Bernstein for his testimony and production of documents.  I do not believe this is necessary and informed Mr. Bernstein that Rule 45 ought to provide him with sufficient protections; however, I was happy to accommodate Mr. Bernstein.

7.    I attach, as Exhibit F, e-mails dated April 21, April 28, and May 5, 2005, in which I asked Mr. Baker for those assurances for Mr. Bernstein.  Mr. Baker never responded to my e-mails.  Mr. Bernstein then decided he would take matters into his own hands and sent a letter to Mr. Baker, dated May 10, 2005.  (I have attached a true and correct copy of that letter as Exh. G.)

8.    Mr. Baker responded to Mr. Bernstein's letter on May 11.  (I have attached a true and correct copy of that letter, which Mr. Baker did not send to me and which I received from Mr. Bernstein, as Exh. H.)  Mr. Baker stated that "I cannot think of any basis for seeking to quash the subpoena, at least at this time."  Notwithstanding that (correct) statement, however, he then informed Mr. Bernstein, in that letter, that "I can say, however, that our failure to file a motion to quash in no way absolves you of anything.  Any past, present or future action you took as regards Dodora is open to review and, if appropriate, may be the subject of claims against you.  You should govern yourself accordingly."  (Emphasis in original.)

2

9.     Mr. Bernstein apparently understood that letter, as its plain language states, to mean he could well be sued for providing testimony even under a valid subpoena to which Dodora has not and admits it cannot object.  He then sent me a letter, dated May 12, 2005, stating he would not appear for the deposition and, belatedly, raising the confidentiality provisions of the settlement agreement.  (I have attached as Exh. I a true and correct copy of Mr. Bernstein's May 12, 2005 letter to me.)

10.    The trial in this matter is scheduled to begin on June 6.  Dodora's refusal to provide the assurance that Mr. Bernstein wants and its May 11, 2005 letter have already delayed the taking of this important deposition and caused my client to incur wholly unnecessary expenses.

11.    I have spoken with Mr. Bernstein and he does not object to this motion being filed in this Court.  He also does not oppose this motion.  He requested that I also seek from the Court an order prohibiting Mr. Garraud or Dodora from filing any litigation against him as a result of his testimony or production of documents pursuant to the subpoenas.

Sworn to under the pains and penalties of perjury this 16th day of May, 2005.

s/Dustin F. Hecker

_____

Dustin F. Hecker

## CERTIFICATE OF SERVICE

I, Dustin F. Hecker, hereby certify that on this 16th day of May, 2005, I caused a copy of the foregoing to be served by electronic mail, to: David Baker, Esq., 105 Union Wharf, Boston, Massachusetts 02109; and by facsimile to Michael S. Bernstein, Esq., Law Office of Michael Bernstein, P.C., 1301 Northwest Highway, Suite 204, Garland, Texas 75041-5861.

s/Dustin F. Hecker

_____

Dustin F. Hecker

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### NORTHEN DISTRICT OF TEXAS

**DODORA UNIFIED COMMUNICATIONS, INC.,**
**Plaintiff**

v.

**DIRECT INFORMATION PVT. LTD.,**
**LOGICBOXES, WEBHOSTING. INFO.,**
**TRANSECUTE (I) PVT. LTD.,**
**RESELLERSRS, INC., AND**
**ANSWERABLE, INC.,**
**COLLECTIVELY d/b/a "DIRECTI.COM"**
        **Defendants.**

## SUBPOENA IN A CIVIL CASE

**CASE NUMBER[1]: 05-10016-NMG**
**United States District Court for the**
**District of Massachusetts**

**TO:**   **Michael Bernstein, Esquire**
        1301 Northwest Highway, Suite 204
        Garland, Texas 75041-5861

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

PLACE OF TESTIMONY

| | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Collins Realtime Reporting, 600 North Road, Suite 460, Dallas, Texas 75201 on April 26, 2005 at 9:00 a.m. | DATE AND TIME April 26, 2005 9:00 a.m. |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): See documents described in attached Schedule.

| PLACE Collins Realtime Reporting, 600 North Road, Suite 460, Dallas, Texas 75201 on April 26, 2005 at 9:00 a.m | DATE AND TIME April 26, 2005 9:00 a.m. |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER, SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT Attorney for the Defendant Direct Information | DATE AND TIME 4/8/05  3:21 pm |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dustin F. Hecker, Esq., Posternak, Blankstein & Lund, LLP, The Prudential Tower, 800 Boylston Street, Boston, MA 02199. (617) 973-6100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

ID # 427535v01/14386-2/ 04.08.2005
4/8/2005



AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DIRECT INFORMATION PVT. LTD'S DOCUMENT SCHEDULE TO THE KOR SUBPOENA OF MICHAEL BERNSTEIN, P.C. AND TO THE SUBPOENA DUCES TECUM TO MICHAEL BERNSTEIN

Pursuant to Rule 34 and 45 of the Federal Rules of Civil Procedure, the defendant Direct Information Pvt, Ltd., requests that the keeper of records of Michael Bernstein, P.C., produce the following items for inspection and copying.

### DEFINITIONS

The following definitions apply to all discovery requests:

1.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.     The term "document" is defined to by synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     When referring to documents, "to identify" means to give, to the extent known, the following:

    (a)     type of document;
    (b)     general subject matter;
    (c)     date of the documents; and
    (d)     author(s), addressee(s), and recipient(s).

4.     The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.     The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

6.     The term "Dodora" shall mean the plaintiff, Dodora Unified Communications, Inc., and any division, unit, subsidiary, affiliate or parent corporation thereof or predecessor or successor thereto, and any employee, owner, officer (including, Without limitation Ronald Garraud), director, agent or person acting for it, on its behalf, or in its interest.

7.     The term "Directi" shall refer to the defendant, Direct Information PVT., Ltd., and any division, unit, subsidiary, affiliate or parent corporation thereof or predecessor or

successor thereto, and any employees, owner, officer, director, agent or person acting for it, on its behalf, or in its interest.

## REQUEST NO. 1

With respect to the litigation between Dodora and Compana, LLC, which was filed in or about March 21, 2003, in Texas state court, the following:

    (a)      all pleadings filed with the Court;

    (b)      all judgments issued by the Court;

    (c)      all agreements executed by the parties to the litigation; and

    (d)      all documents concerning settlement and/or any other resolution of the litigation, in full or in part.

## REQUEST NO. 2

All communications between (or involving) Michael Bernstein and Dodora, Compana, ICANN, VeriSign, Inc. or Pool.com, Inc. or any attorney or other representative of any of them, and all documents concerning any such communications.

## REQUEST NO. 3

All communications between (or involving) Dodora or counsel to Dodora and any party or counsel to any party in the Texas litigation between Dodora and Compana, LLC.

## REQUEST NO. 4

All communications between (or involving) Dodora and Compana.

## REQUEST NO. 5

All communications with Dodora or its customers from March 2003 through the present.

## REQUEST NO. 6

All documents, including all communications, that took place in November and/or December of 2004 between Dodora and any other individual regarding the settlement of any litigation involving Dodora.

## REQUEST NO. 7

The settlement agreement among Dodora, Compana and Mr. Bernstein, including all or supplemental agreements or understandings.

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## NORTHEN DISTRICT OF TEXAS

**DODORA UNIFIED COMMUNICATIONS, INC.,**
**Plaintiff**

v.

**DIRECT INFORMATION PVT. LTD.,**
**LOGICBOXES, WEBHOSTING. INFO.,**
**TRANSECUTE (I) PVT. LTD.,**
**RESELLERSRS, INC., AND**
**ANSWERABLE, INC.,**
**COLLECTIVELY d/b/a "DIRECTI.COM"**
      **Defendants.**

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER[1]: 05-10016-NMG**
**United States District Court for the**
**District of Massachusetts**

TO:   **Keeper of the Records**
      Law Office of Michael Bernstein, P.C.
      1301 Northwest Highway, Suite 204
      Garland, Texas 75041-5861

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

PLACE OF TESTIMONY

---

☒ **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Collins Realtime Reporting, 600 North Road, Suite 460, Dallas, Texas 75201 on April 26, 2005 at 9:00 a.m. | DATE AND TIME April 26, 2005 9:00 a.m. |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): See documents described in attached Schedule.

| PLACE Collins Realtime Reporting, 600 North Road, Suite 460, Dallas, Texas 75201 on April 26, 2005 at 9:00 a.m. | DATE AND TIME April 26, 2005 9:00 a.m. |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER, SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for the Defendant Direct In Formation | DATE AND TIME 4/8/05 3:25 pm |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dustin F. Hecker, Esq., Posternak, Blankstein & Lund, LLP, The Prudential Tower, 800 Boylston Street, Boston, MA 02109. (617) 973-6100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

ID # 427569v01/14386-2/ 04.08.2005
4/8/2005



Exh. B

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DIRECT INFORMATION PVT. LTD'S DOCUMENT SCHEDULE TO THE KOR SUBPOENA OF MICHAEL BERNSTEIN, P.C. AND TO THE SUBPOENA DUCES TECUM TO MICHAEL BERNSTEIN

Pursuant to Rule 34 and 45 of the Federal Rules of Civil Procedure, the defendant Direct Information Pvt, Ltd., requests that the keeper of records of Michael Bernstein, P.C., produce the following items for inspection and copying.

### DEFINITIONS

The following definitions apply to all discovery requests:

1.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.    The term "document" is defined to by synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.    When referring to documents, "to identify" means to give, to the extent known, the following:

      (a)    type of document;
      (b)    general subject matter;
      (c)    date of the documents; and
      (d)    author(s), addressee(s), and recipient(s).

4.    The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.    The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

6.    The term "Dodora" shall mean the plaintiff, Dodora Unified Communications, Inc., and any division, unit, subsidiary, affiliate or parent corporation thereof or predecessor or successor thereto, and any employee, owner, officer (including, Without limitation Ronald Garraud), director, agent or person acting for it, on its behalf, or in its interest.

7.    The term "Directi" shall refer to the defendant, Direct Information PVT., Ltd., and any division, unit, subsidiary, affiliate or parent corporation thereof or predecessor or

successor thereto, and any employees, owner, officer, director, agent or person acting for it, on its behalf, or in its interest.

## REQUEST NO. 1

With respect to the litigation between Dodora and Compana, LLC, which was filed in or about March 21, 2003, in Texas state court, the following:

    (a)    all pleadings filed with the Court;
    (b)    all judgments issued by the Court;
    (c)    all agreements executed by the parties to the litigation; and
    (d)    all documents concerning settlement and/or any other resolution of the litigation, in full or in part.

## REQUEST NO. 2

All communications between (or involving) Michael Bernstein and Dodora, Compana, ICANN, VeriSign, Inc. or Pool.com, Inc. or any attorney or other representative of any of them, and all documents concerning any such communications.

## REQUEST NO. 3

All communications between (or involving) Dodora or counsel to Dodora and any party or counsel to any party in the Texas litigation between Dodora and Compana, LLC.

## REQUEST NO. 4

All communications between (or involving) Dodora and Compana.

## REQUEST NO. 5

All communications with Dodora or its customers from March 2003 through the present.

## REQUEST NO. 6

All documents, including all communications, that took place in November and/or December of 2004 between Dodora and any other individual regarding the settlement of any litigation involving Dodora.

## REQUEST NO. 7

The settlement agreement among Dodora, Compana and Mr. Bernstein, including all or supplemental agreements or understandings.

4/11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC., | ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) ) | 05-10016-NMG |
| DIRECT INFORMATION PVT. LTD., LOGICBOXES, WEBHOSTING. INFO., TRANSECUTE (I) PVT. LTD., RESELLERSRS, INC., AND ANSWERABLE, INC., COLLECTIVELY d/b/a "DIRECTI.COM" Defendants. | ) ) ) ) ) ) ) ) | |

## NOTICE OF TAKING DEPOSITION

To:    David Baker, Esquire
       105 Union Wharf
       Boston, Massachusetts 02109

Please take notice that, pursuant to Fed. R. Civ. Pro 30, the defendant, Direct Information

PVT., LTD. ("Directi"), will take the depositions upon oral examination of Michael S. Bernstein,

Esquire, and the keeper of records of the law offices of Michael Bernstein, P.C., on April 26,

2005, at the offices of Collins Realtime Reporting, 600 North Road, Suite 460, Dallas, Texas

75201.

You are invited to attend and cross-examine.



*Exh. C*

ID # 423932v01/14386-2/ 04.08.2005
4/8/2005

DIRECT INFORMATION PVT., LTD.,

By its attorneys,

Dustin F. Hecker, Esq., BBO# 549171
Nancy J. Puleo, Esq., BBO# 648457
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street
Boston, MA  02199
(617-973-6100)

Dated:  April _11_, 2005

## CERTIFICATE OF SERVICE

I, Dustin F. Hecker, hereby certify that on this _11th_ day of April, 2005, I caused a copy of the foregoing to be served by first class mail to: David Baker, Esq., 105 Union Wharf, Boston, Massachusetts 02109.

Dustin F. Hecker, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF TEXAS
NORTHERN DIVISION

| | | |
|---|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC., | ) | |
| Plaintiff, | ) | United States District Court |
| | ) | District of Massachusetts |
| v. | ) | C. A. No. 05-10016-NMG |
| | ) | |
| DIRECT INFORMATION PVT. LTD., | ) | |
| LOGICBOXES, WEBHOSTING. INFO., | ) | |
| TRANSECUTE (I) PVT. LTD., | ) | |
| RESELLERSRS, INC., AND | ) | |
| ANSWERABLE, INC., COLLECTIVELY | ) | |
| d/b/a "DIRECTI.COM" | ) | |
| Defendants. | ) | |

**NOTICE OF DEPOSITION**

To:   David Baker, Esq.
      105 Union Wharf
      Boston, MA 02109

Please take notice that on April 26, 2005 at 9:00 a.m. at the offices of Collins Realtime

Reporting, 600 North Road, Suite 460, Dallas, Texas 75201, the defendant, Direct Information

Pvt. Ltd., by its attorneys, will take the deposition upon oral examination of Michael S. Bernstein

and the keeper of records of Michael S. Bernstein, P.C., pursuant to the applicable provisions of

the Massachusetts Rules of Civil Procedure, 30(b), before a notary public, in and for the

Commonwealth of Massachusetts, or before some other officer authorized by law to administer

oaths.



*Exh. D*

The deposition will continue from day to day until completed.  You are invited to attend and cross-examine.

DIRECT INFORMATION PVT. LTD.,

By its attorneys,

Dustin F. Hecker, Esq., BBO# 549171
Nancy J. Puleo, Esq., BBO 648457
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street
Boston, MA  02199
(617-973-6100)

Dated: April 1 , 2005

## CERTIFICATE OF SERVICE

I, Dustin F. Hecker, hereby certify that on this ___ day of April, 2005, I caused a copy of the foregoing to be served by hand, to: David Baker, Esq., 105 Union Wharf, Boston, Massachusetts 02109.

Dustin F. Hecker

ID # 426602v01/14386-2/ 04.19.2005

**Dusty Hecker**

| | |
|---|---|
| **From:** | Dusty Hecker |
| **Sent:** | Tuesday, April 19, 2005 3:57 PM |
| **To:** | David Baker (E-mail) |
| **Subject:** | Bernstein deposition |

David,

I could not tell whether we had sent a notice to you of the deposition we will be taking of Michael Bernstein and of the KOR for his office.  I'm sending you one now on the assumption that we did not in fact send it out before.  we subpoenaed Michael and the KOR some time last week.

I know that there is some kind of confidentiality clause in the settlement agreement.  I do not believe that it applies to a deposition under a subpoena.  however, I did want to confirm that you do not view any such agreement as prohibiting mr. Bernstein's deposition testimony or production of documents.  please tell me if you have a different view about that.

Dusty Hecker



**Dusty Hecker**

| | |
|---|---|
| **From:** | Dusty Hecker |
| **Sent:** | Thursday, April 21, 2005 1:47 PM |
| **To:** | 'David Baker' |
| **Subject:** | RE: Depositions |

I need to review my notes and get back to you.  on a different
deposition topic, I would like to get written/e-mail confirmation from
both you and Mr. Garraud that mr. Bernstein's testimony under subpoena
will not be considered a violation of any confidentiality agreement.  I
do not believe it should be, but he would appreciate that confirmation.
the date of his deposition will need to be adjusted.  it will not likely
happen on 4/26, the date we originally picked.

-----Original Message-----
From: David Baker [mailto:dbaker@bakerlawoffices.net]
Sent: Thursday, April 21, 2005 1:33 PM
To: Dusty Hecker
Subject: Depositions


With regard to Mr. Garraud's deposition recently concluded, would you
specify exactly what additional documents you want produced as a result
of the deposition?

Thank you.

David Baker

*Exh · F*

1

**Dusty Hecker**

| | |
|---|---|
| **From:** | Dusty Hecker |
| **Sent:** | Thursday, April 28, 2005 5:23 PM |
| **To:** | 'David Baker' |
| **Subject:** | RE: Depositions |

David,

Would you please provide this assurance?  and could I please have it
from Mr. Garraud as well?

thanks.

Dusty Hecker

-----Original Message-----
From: Dusty Hecker
Sent: Thursday, April 21, 2005 1:47 PM
To: 'David Baker'
Subject: RE: Depositions


I need to review my notes and get back to you.  on a different
deposition topic, I would like to get written/e-mail confirmation from
both you and Mr. Garraud that mr. Bernstein's testimony under subpoena
will not be considered a violation of any confidentiality agreement.  I
do not believe it should be, but he would appreciate that confirmation.
the date of his deposition will need to be adjusted.  it will not likely
happen on 4/26, the date we originally picked.

-----Original Message-----
From: David Baker [mailto:dbaker@bakerlawoffices.net]
Sent: Thursday, April 21, 2005 1:33 PM
To: Dusty Hecker
Subject: Depositions


With regard to Mr. Garraud's deposition recently concluded, would you
specify exactly what additional documents you want produced as a result
of the deposition?

Thank you.

David Baker

1

## Dusty Hecker

**From:**       Dusty Hecker
**Sent:**       Thursday, May 05, 2005 12:47 PM
**To:**         David Baker (E-mail)
**Subject:**    Dodora v. Directi

David,

I understand you've left the office and won't be back for the rest of the day.  I had wanted to talk, but I'll mention in this e-mail what I wanted to discuss.

first, do you and Ron have any interest in a conference call to see if there is now any chance to resolve this before we finish discovery and gear up for trial?

Second, as I mentioned before, mike Bernstein is prepared to testify and produce documents under the subpoena I served on him.  he's somewhat concerned though that your client would not understand that once he's subpoenaed, he must provide the documents and the testimony.  he'd like to see something from you and Ron to the effect that he won't be sued as a result of his testimony.  obviously, he is required to testify and to produce documents and if need be I can get a court order forcing him to do so.  it just would be a waste to do so and as a professional courtesy I'd like to get him some assurance in this regard.

I will be in all day and other than a deposition tomorrow from about 10:00 to maybe noon, all day tomorrow.

Dusty Hecker

# Michael S. Bernstein, P.C.

Attorney at Law, Receiver

1301 Northwest Highway, Suite 204 Garland, Texas 75041-5896 • (972) 271-2700 Office • (972) 271-1818 Fax

May 10, 2005

David G. Baker                           via fax to 617 / 507-8411
105 Union Warf                           faxing this page
Boston MA  02109-1281                     and via certified mail #7004 1350 0002 0391 3859
                                         return receipt requested

RE:    *Dodora Unified Communications, Inc. v. Direct Information Pvt. Ltd., et al;* 05-10016-
       NMG in the United States District Court for the District of Massachusetts

Dear Mr. Baker:

I have been subpoenaed by Mr. Hecker to give my deposition in *Dodora v. Direct Information, et al.* Per the subpoena and the Federal Rules, I am compelled to give testimony and produce the subpoenaed documents.

Portions of the settlement documents in Compana LLC v. Dodora Unified Communciations, Inc. might be construed as prohibiting my testimony.

It is my understanding that Dodora was served with its copy of the subpoena on or about April 21 and Dodora has made no objections.  If Dodora is going to object to me giving testimony and producing my records from the receivership, please make the objection immediately, in writing, and bring your motion to quash.  Unless Dodora brings a motion to quash, I am compelled to obey the subpoena.  If I do not receive a written objection / motion to quash by May 12, 2005, Dodora will have waived any claim it might bring against me for giving my testimony and producing records under the subpoena.

Very truly yours,

Michael S. Bernstein, Receiver

c:     Sarah A. Thornton, Clerk of Court
       United States District Court District of Massachusetts
       Cause No. 05-10016-NMG

c:     Dustin Hecker, Esq., via fax to 617 / 367-2315

*Exh. G*

DAVID G. BAKER
ATTORNEY AT LAW
105 UNION WHARF
Boston, MA  02109

Tel: 617.367.4260          email: dbaker@bakerlawoffices.net          Fax: 617.507.8411
Peter C. Lacy, Esq. – Of Counsel (Admitted in MA & NY)

May 11, 2005

Michael S. Bernstein, Esq.
1301 Northwest Highway
Garland, TX   75041

Re:    Dodora v. Directi et al

Dear Mr. Bernstein:

I received your faxed letter dated yesterday.  I have given some thought to the question of whether there would be any basis for my client to claim any privilege as to the information sought by Directi in its subpoena.

Because you did not represent Dodora – indeed, your actions were (in Dodora's opinion) contrary to its best interests and were wholly unauthorized by Dodora – I cannot think of any basis for seeking to quash the subpoena, at least at this time.

Obviously I cannot give you legal advice.  I _can_ say, however, that our failure to file a motion to quash in no way absolves you of anything.  Any past, present or future action you took as regards Dodora is open to review and, if appropriate, may be the subject of claims against you.  You should govern yourself accordingly.

David G. Baker

David G. Baker

DGB/hs

Cc:    Ron Garraud

_Exh. H_

**Michael S. Bernstein, P.C.**                                   Attorney at Law, Receiver

1301 Northwest Highway Suite 204 Garland Texas 75041-5896 • (972) 271-2700 Office • (972) 271-1818 Fax

May 12, 2005

Dustin Hecker, Esq.                          via first class mail
Posternak, Blankstein & Lund LLP             and via fax to 617 / 367-2315
The Prudential Tower, Suite 800              faxing two pages
Boylston Street
Boston MA 02109

RE:    Dodora v. Directi

Dear Mr. Hecker:

Attached and enclosed, via fax, is Mr. Baker's response to my letter.  Unless you can obtain Dodora's waiver of the nondisclosure terms, I am unable to appear or provide documents.

I object to the subpoenas on the basis that I have signed a settlement agreement which contains nondisclosure terms as to the settlement agreement and as to the lawsuit.

Therefore, I will not be appearing for the deposition.

Very truly yours,

Mike Bernstein, Receiver

*Exh. I*