UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC.<br><br>                                        Plaintiff,<br><br>                   v.<br><br>DIRECT INFORMATION PVT. LTD., LOGICBOXES, WEBHOSTING.INFO, TRANSECUTE (I) PVT LTD., RESELLERSRS, INC., AND ANSWERABLE, INC., COLLECTIVELY d/b/a "DIRECTI.COM"<br><br>                                        Defendants. | Civil Action<br>No. 05-10016-NMG |

PLAINTIFF'S OBJECTION TO MOTION TO STRIKE

NOW COMES Dodora Unified Communications, Inc., (hereinafter "Dodora") and objects to the motion of Direct Information Pvt. Ltd. "to strike efforts to block deposition and production of documents from non-party witnesses" and for other relief, including sanctions. In support of this objection, Dodora states as follows:

1.  The motion has no introductory paragraph and, indeed, it is not until the signature line that it is disclosed that the motion is being made by Direct Information. Instead, the motion plunges directly into argument that so intermingles unsupported factual assertions with legal propositions that a point by point response is not possible. As such, the motion violates the spirit, if not the letter, of Local Rule 7.1(b) which appears to require that motions, like pleadings (*see* FRCP 10(b)), set forth the allegations in separate numbered paragraphs. *See also* Local Rule 37.1(b).

2.  Leaving aside the factual allegations insofar as they relate to the merits of this case (which are neither admitted nor denied but are irrelevant), the issue presented by this motion appears to be a desire by Direct Information to compel Dodora to waive any legal claims it may have against Michael Bernstein, a Texas attorney who was appointed by a Texas state court as a receiver in litigation against Dodora. It is Dodora's position that the plaintiff in the Texas litigation (which was not Direct Information) commenced the litigation in Texas and obtained Mr. Bernstein's appointment essentially by way of a

        fraud, of sorts, on the Texas court, and that even if it was not so obtained, that the actions taken by Mr. Bernstein in contracting with Direct Information were not actually authorized by the Texas court and were a cause, however remote, of the injury suffered by Dodora in this case[1].

3. Those issues are not before this Court and Mr. Bernstein is not a party. It is Dodora's recollection that in settling the Texas case, Mr. Bernstein's actions as receiver were ratified in all respects.

4. It would appear, therefore, that Mr. Bernstein is concerned that by responding to Direct Information's subpoena, he may be exposed to new liability to Dodora relating to his responses. Accordingly he asked Dodora to seek to quash the subpoena and/or to waive any claims against him, failing which he would refuse to comply with the subpoena.

5. As Direct Information admits, Dodora's counsel stated to Mr. Bernstein that counsel could identify no basis for seeking to quash the subpoena, but that Dodora also declined to waive any legal claims it may have against Mr. Bernstein. *See exhibits to the present motion, page 18*. Mr. Bernstein did not reply to the letter from Dodora's counsel but transmitted it to Direct Information's counsel with a statement that he objected to the subpoena and would not appear for deposition. *See exhibits, page 19*.

6. Normally one would expect that Direct Information would seek to compel compliance with the subpoena since, as Direct Information admits, no one has filed a motion asking this Court to quash the subpoena or issue a protective order. Instead, Direct Information seeks to compel Dodora to waive any legal rights it may have against Mr. Bernstein, an individual who is not a party to this action.

7. The motion is patently frivolous and advanced in bad faith. It primarily seeks, on behalf of Mr. Bernstein, to enjoin Dodora from suing Mr. Bernstein in the future, should a cause of action accrue. It is unlikely that this Court would have jurisdiction over a separate action for such injunctive relief. *See* Penobscot Nation v. Georgia-Pacific Corp. 106 F.Supp. 2d 81 (D.Me. 2000).

8. While the Court has broad discretion to fashion a remedy in discovery disputes, *see* FRCP 37, Dodora's refusal to waive any <u>future</u> legal claims it may have against Mr.

---

[1] A basis for recovery by Dodora in this action (although not necessarily the sole basis) is that Direct Information continued to exercise dominion and control over Dodora's property even after Mr. Bernstein ordered Direct Information to discontinue interfering with Dodora's business.

      Bernstein does not warrant an order from this Court enjoining Dodora from bringing such claims. Mr. Bernstein's actions in defying an apparently legitimate subpoena, by contrast, would appear to fully warrant any sanctions against Mr. Bernstein that the Court might impose.

9. Ultimately, there is no discovery dispute between the parties. Dodora has not sought to quash the subpoena. Furthermore, Mr. Bernstein – a lawyer admitted to practice in Texas and who would seem to be capable of representing himself *pro se* before this Court – has not asked the Court to quash or limit the subpoena. There simply is no legitimate dispute before the Court.

10. Direct Information's counsel has also asked the Court to order Dodora to pay his attorney fees and expenses related to the motion. Given that the motion is patently frivolous and unfounded, it is Direct Information and/or its attorney that should be sanctioned, and Dodora requests sanctions pursuant to 28 USC §1927.

11. In <u>Bermudez et als., v. One World Productions, Inc.</u>, 209 FRD 287 (D.P.R. 2002) the court observed the following concerning §1927:

> …, <u>section 1927</u> requires a finding that, in multiplying unnecessarily the proceedings, the attorney's conduct was "unreasonable and vexatious," as the statute plainly states. The First Circuit has explained that behavior is "vexatious" when "it is harassing or annoying, regardless of whether it is intended to be so"; thus, "if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed under <u>section 1927</u>." *Cruz,* 896 F.2d at 632. Under this statute, a finding of bad faith is not required; but if bad faith is present, sanctions are to be imposed. *Id.* at 631<u>-32.</u> As the First Circuit has fully explained in *Cruz:*
>> The attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned. It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a "serious and studied disregard for the orderly process of justice." Yet, we agree with other courts considering this question that <u>section 1927</u>'s requirement that the multiplication of the proceedings be "vexatious" necessarily demands that the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence.
>
> *Id.<u>* at 632</u> (internal citations omitted). As with Rule 11, section 1927 requires an objective analysis, that is, the inquiry under section 1927 is an objective one. *Bolivar,* <u>975 F.2d at 34.</u> Likewise, in reviewing the imposition of sanctions under section 1927, the First Circuit shall uphold any determination, unless there is abuse of discretion, since the imposition of sanctions rests with the judicial actor closest to the litigation. *Cruz,* 896 F.2d at 632.

12. Thus it is immaterial that counsel for Direct Information may have felt that his actions were entirely appropriate in the "zealous" representation of his client. It is nonetheless clear that counsel disregarded the result of his conduct, the result of which was to harass and annoy Dodora.

13. The conduct is all the more egregious because the motion sets forth no statute or case law which supports the power of the Court to grant the relief requested, i.e., an injunction against Dodora commencing suit against Mr. Bernstein. A motion which has no legal foundation, like the present motion, is frivolous and advanced in bad faith, and is not the result of negligence, inadvertence or incompetence.

14. As stated, Dodora is unware of any basis for it to seek to quash or limit the subpoena. For all of the reasons given herein, Dodora therefore asks that the motion be denied as to it, and that it be awarded sanctions in the amount of $1,000, representing 5 hours at $200 per hour for Dodora's counsel, which includes an estimated 2 hours for attendance at a hearing on this motion.

15. Dodora can make no representation as to whether the motion should be allowed or denied as to Mr. Bernstein.

WHEREFORE Dodora requests that the motion be denied as to it, and that it be awarded sanctions, all as stated herein.

May 16, 2005

Respectfully submitted,
DODORA UNIFIED COMMUNCATIONS, INC.
By its attorney;

/s/     *David G. Baker*
David G. Baker, Esq.
105 Union Wharf
Boston, MA  02109
BBO # 634889
617-367-4260

Certificate of Service

The undersigned hereby states upon information and belief that the within Objection was served upon counsel for Direct Information by the Court's CM/ECF system.

/s/     *David G. Baker*
David G. Baker, Esq.

4