United States District Court
District of Massachusetts

```
_____
                               )
DODORA UNIFIED COMMUNICATIONS, )
INC.,                          )
                               )
         Plaintiff,            )   Civil Action No.
                               )   05-10016-NMG
         v.                    )
                               )
DIRECT INFORMATION PVT. LTD. et)
al.                            )
                               )
         Defendants.           )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Dodora Unified Communications, Inc. ("Dodora") brings this action to recover certain assets, including internet domain names, that it alleges defendants wrongfully converted in connection with their appointment by a receiver to manage Dodora. The Complaint alleges that defendants Transecute (I) Pvt. Ltd. ("Transecute"), ResellerSRS, Inc. ("Resellers"), Logicboxes, Webhosting.info ("Webhosting") and Answerable, Inc. ("Answerable") are all subsidiaries and/or affiliates of defendant Direct Information Pvt. Ltd. ("Direct") and that together they do business as Directi.com.

Before the Court is defendants' motion to dismiss four of

-1-

the defendants for lack of personal jurisdiction and for failure to state a claim. Jurisdiction is conceded over Direct. Defendants state that the sixth defendant, Answerable, is a client of Direct and is entirely unrelated to the events that gave rise to this dispute and plaintiff has not contested that assertion. However, Answerable has not appeared in this action nor filed a motion to dismiss.

I.  **Transecute and Resellers**

Transecute and Resellers move to dismiss the complaint against them pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, contending that required minimum contacts with Massachusetts are lacking.

To determine that personal jurisdiction is appropriate, the court must "find sufficient contacts between the defendant and the forum to satisfy both that state's long-arm statute and the Fourteenth Amendment's Due Process clause." Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). The Massachusetts long arm statute provides, in relevant part, that

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action...arising from the person's (a) transacting any business in this commonwealth...[or] (c) causing tortious injury by an act or omission in this commonwealth.

Mass. Gen. Laws Ch. 223A, § 3. Courts broadly construe the statutory requirement of "transacting any business". United Elec., Radio & Machine Workers of Am. v. 163 Pleasant St. Corp.,

960 F.2d 1080, 1087 (1st Cir. 1992); Ross v. Ross, 371 Mass. 439 (1976). A single act may be sufficient. Morrill v. Tong, 390 Mass. 120, 132. The federal Constitutional requirements for personal jurisdiction are based upon minimum contacts: a court asserting personal jurisdiction must determine that the nonresident defendant possesses sufficient minimum contacts with the forum state so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

When a court's jurisdiction is contested, the plaintiff bears the burden of proving that jurisdiction is appropriate. Sawtelle, 70 F.3d at 1387. To defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing that personal jurisdiction is appropriate. Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 674-75 (1st Cir. 1992). The plaintiff "may not rely on unsupported allegations in [the] pleadings to make a prima facie showing of personal jurisdiction." Id. at 675. Rather, it must "go beyond the pleadings and make affirmative proof" of jurisdiction, which should be based upon "evidence of specific facts set forth in the record." Id. In determining whether the requisite showing has been made, the court does not act as a factfinder but "accepts properly supported proffers of evidence by a plaintiff as true."

Id.

Plaintiff has missed meeting, by a country mile, its burden of demonstrating that a Massachusetts court has personal jurisdiction over Transecute and Resellers. The only record evidence involving alleged contacts with Massachusetts is an exhibit attached to plaintiff's opposition to the motion to dismiss which appears to be a receipt indicating that "Directi" received a payment of $8.49 from a company called Pierre Excellent and that the payment was received "via Transecute Gateway". It is not clear that the "Transecute Gateway" has any relation to defendant Transecute and the exhibit does not demonstrate that any part of that transaction took place in Massachusetts. Although a street address is listed on the receipt, it does not include the city or state and it is unclear whether it is the address of the client from whom payment was received, the address of the company receiving payment, the address of the "Transecute Gateway" or something else. The Court need not speculate whether the receipt indicates that the business transaction memorialized in the receipt had some connection with Massachusetts.

Plaintiff also contends that contacts with Massachusetts are established because Direct, Transecute and Resellers allegedly have an agency relationship and that Transecute and Resellers are "alter-egos" for Directi and Bhavin Turakhia. Plaintiff's

verified complaint and the affidavit of Bhavin Turakhia, which was submitted by defendants, suggest that Turakhia is the CEO of Direct and the founder and/or CEO of Transecute and Resellers and that Direct owns and operates Transecute and Resellers. However, common ownership and leadership, standing alone, are not sufficient to establish an agency relationship. See, e.g., Kirkpatrick v. Boston Mut. Life Ins. Co., 393 Mass. 640, 645 (1985) (stating that agency involves the manifestation of consent that another shall act on one's behalf and subject to his control). Plaintiff has offered neither argument nor evidence to suggest that Direct and Transecute and/or Resellers did, in fact, have an agency relationship.

Plaintiff has failed to satsfy its burden of proving that Resellers and Transecute had contacts with Massachusetts sufficient to meet the requirements of the Massachusetts long arm statute or federal constitutional requirements. Therefore, this Court will not assert personal jurisdiction over those two defendants and their motion to dismiss for lack of personal jurisdiction will be allowed.

## II. Logicboxes and Webhosting

Direct moves to dismiss the complaint against Logicboxes and Webhosting pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted against them. It contends that those purported entities are merely trade names

and/or unincorporated divisions of Direct and, therefore, that they lack the capacity to be sued.

A court may not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken.[1] Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000). Although a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000), it need not credit bald assertions or unsupportable conclusions. In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).

Fed. R. Civ. P. 17(b) provides that, with exceptions not relevant here, the capacity of an entity other than an individual or corporation to sue or be sued is determined by the law of the

---

[1] The Court, therefore, does not consider the Affidavit of Bhavin Turakhia, submitted in support of defendants' motion to dismiss, in ruling on the dismissal of Logicboxes and Webhosting.

state in which the district court is held.  In Massachusetts, an unincorporated legal entity may not sue or be sued.  <u>Save the Bay, Inc.</u> v. <u>Dep't of Pub. Utils.</u>, 366 Mass. 667, 675 (1975).  Massachusetts courts have held that a motion to dismiss may be granted as to an unincorporated entity that is named as a defendant.  <u>See, e.g.</u>, <u>Petition of Roberts</u>, 362 Mass. 856, 857 (1972).

Plaintiff's complaint bluntly alleges that Logicboxes and Webhosting are subsidiaries and/or affiliates of Direct and are foreign companies that have a principal place of business in Houston, Texas.  Plaintiff has provided no information to demonstrate that those statements are credible, such as information regarding the country of their incorporation or their full corporate names, or even that they are entities capable of being sued.  This Court need not credit such assertions.  Exhibit C to the complaint is a contract that refers to "Logicboxes" as shorthand for "Direct Information Private Limited".  That document seems to contradict the complaint's unsupportable allegation that Logicboxes is a separately-incorporated company and demonstrates, rather, that Logicboxes is merely another name used by Direct.

Plaintiff's concern that Direct, as opposed to the other defendants, may become judgment proof is a legitimate concern but it does not justify the exercise by this Court of jurisdiction

over unincorporated entities or entities with no contacts with Massachusetts. Because Plaintiff has provided no evidence to support its assertions that defendants Logicboxes and Webhosting are able to be sued, the motion to dismiss with respect to those defendants will be allowed.

### ORDER

Based on the foregoing, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (Docket No. 21) is **ALLOWED** and defendants Logicboxes, Webhosting.Info, Transecute (I) Pvt. Ltd. and ResellerSRS, Inc. are **DISMISSED** from this action.

In addition, plaintiff is directed to comply with Local Rule 5.1(a)(2) and double-space future submissions.

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated: May 16, 2005