UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
                                                  )
DODORA UNIFIED COMMUNICATIONS,  )
INC.,                                              )
        Plaintiff,                          )
                                                  )         Civil Action No.
v.                                           )         05-10016-NMG
                                                  )
DIRECT INFORMATION PVT. LTD. and     )
ANSWERABLE, INC.,                    )
        Defendants.                   )
_____)

## DIRECTI'S REPLY ON MOTION TO COMPEL TESTIMONY

     Dodora's opposition completely misses the point. Directi's attorneys have been attempting, since April 19, 2005, to determine whether Dodora would have any objection to the testimony of Mr. Bernstein and the production of documents by him. Despite repeated requests by Directi's attorney, between April 19 and May 5, for confirmation that Dodora had no objections to Mr. Bernstein's testimony and production of documents, Dodora studiously ignored the issue. Mr. Bernstein had made it quite clear that he was not going to testify absent the assurances he desired from Dodora and Mr. Garraud or an order of the Court. Directi attempted to obtain those assurances or, at minimum, to flush out whether Dodora would object on any basis to the deposition. Directi undertook that cooperative effort in an attempt to avoid precisely the motion that it had to file now.

     Rather than object or agree, Dodora simply did nothing for several weeks. Directi believed that ought to have been sufficient to allow Mr. Bernstein's deposition to go ahead without further comment. However, Mr. Bernstein, having already been threatened with lawsuits

ID # 431719v01/14386-2/ 05.17.2005

by Mr. Garraud and Dodora based on his activities as a duly-appointed receiver by the Texas court, was not satisfied. Accordingly, he sent a letter to Dodora stating, in substance, that if he did not hear by a date certain that it had any objection, he would assume it had no objection. (Hecker Aff. ¶7 & Exh. G.)

Dodora could simply have either continued its silence, leading to the conclusion that it had no objection to the deposition, or confirm that the deposition could go forward as scheduled. But, Dodora obviously instructed its counsel to send a letter to Mr. Bernstein (without copying Directi's counsel) telling him, in so many words, that while it could not move to quash the subpoena, it very much considered a future lawsuit against him a possibility. (Hecker Aff. Exh. H.) Under those circumstances, Mr. Bernstein concluded he would not appear, stated a belated objection to the subpoenas, and this motion became necessary.

Dodora's refusal to address the issue for several weeks, followed by its not-too-veiled threats of a lawsuit against Mr. Bernstein for complying with two subpoenas, required Directi to present this dispute to the Court. Directi very much would have preferred simply to take Mr. Bernstein's deposition, obtain his documents, and not waste the time and incur the expenses of this motion. However, it was the actions of Dodora that created this situation, not the actions of Directi or its counsel.

Accordingly, Directi requests that the Court approve its motion and deny the motion of Dodora for sanctions.

>Respectfully submitted,
>
>DIRECT INFORMATION PVT. LTD.,
>
>By its attorneys,
>
>s/Dustin F. Hecker
>_____
>Dustin F. Hecker, Esq., BBO# 549171
>Nancy J. Puleo, Esq., BBO 648457
>POSTERNAK BLANKSTEIN & LUND LLP
>The Prudential Tower
>800 Boylston Street
>Boston, MA  02199
>(617-973-6100)

Dated:  May 17, 2005

## CERTIFICATE OF SERVICE

I, Dustin F. Hecker, hereby certify that on this 17th day of May, 2005, I caused a copy of the foregoing to be served by electronic mail, to: David Baker, Esq., 105 Union Wharf, Boston, Massachusetts 02109; and by facsimile to Michael S. Bernstein, Esq., Law Office of Michael Bernstein, P.C., 1301 Northwest Highway, Suite 204, Garland, Texas 75041-5861.

>s/Dustin F. Hecker
>_____
>Dustin F. Hecker