UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>DIRECT INFORMATION PVT. LTD., et al<br><br>Defendants. | Civil Action<br>No. 05-10016-NMG |

PLAINTIFF'S OBJECTION TO MOTION IN LIMINIE
CONCERNING CERTAIN CONTRACT ISSUES

NOW COMES Dodora Unified Communications, Inc., (hereinafter "Dodora") and objects to the motion in limine of Direct Information Pvt. Ltd. regarding certain contract issues. In support of this objection, Dodora states as follows:

1. The defendant seeks to bar testimony concerning the validity of certain contracts entered into by Michael Berstein, an attorney who was appointed by a state court in Texas to take possession and control of the assets of Dodora for the purpose of satisfying a judgment rendered against it by the Texas court. The defendant claims that Dodora bases its case on "a couple of misleading or demonstrably false allegations; specifically that the agreements that the defendant … entered into with a duly appointed receiver in Texas state that they are 'subject to Court Approval' and that the Texas court purportedly disapproved the contracts."

2. Curiously, however, the defendant has not provided the Court with a copy of the contracts, or at least they were not attached to the copy of the motion as served upon Dodora's counsel by the court's CM/ECF system. All that is attached to the motion is a

      copy of a page from a deposition; what appears to be two pages from a handwritten docket sheet from the Texas court; and an "Agreed Order Closing Receivership", apparently signed by the judge presiding in the Texas court.

3. The page from the deposition does not have any information which identifies the deponent, and it is not certified by the court reporter.

4. Similarly, the documents purporting to be from the Texas court are not certified nor are they self-authenticating within the meaning of Fed.R.Evid. 902.

5. As a result, none of the attachments to the motion are admissible within the meaning of Fed.R.Evid. 901 and arguably are hearsay not subject to an exception under Fed.R.Evid. 803. Dodora objects to these document being considered by the Court on the present motion.

6. Having failed to provide the Court with a copy of the contracts at issue, the defendant has not shown any basis for limiting testimony regarding what the contract says.

> "Normally, contract interpretation is a question of law for the Court. … If the terms of a contract are found to be ambiguous, however, interpretation of the parties' intent becomes a question of fact … An agreement is ambiguous 'when it is susceptible to differing, but nonetheless plausible constructions.'"

In re Cadkey Corp. – BR ---, 2005 WL 958253 (D.Mass. 2005) (internal citations omitted.)

7. While it can be safely assumed that the defendant has correctly quoted the contract language[1], all that the defendant has shown is that the contract language is ambiguous. Its sophistic argument about what the contract says is merely what the <u>defendant</u> wants it to say. What Dodora wants it to say is equally plausible on the present record – especially without the actual contract document being presented to the Court.

---

[1] However, it is curious that the actual contract was not submitted as an exhibit to the motion.

8. The defendant admits that the contract was not approved by the Texas court. On page 2 of the motion, the defendant quotes from the Agreed Order attached to the motion[2], which says in pertinent part: "ORDERED that the Receiver's Motion to Approve Contracts is hereby denied as moot … " The only reasonable interpretation of that language is that the receiver <u>never</u> sought approval of the Texas court prior to signing the contract or taking action based on them. Thus the receiver's actions were not authorized by the Texas court at the time he took them, and the actions of the defendant, purportedly in reliance on the contract, were wholly unauthorized by the Texas court. The language of the Order is not ambiguous, even though the purported contract language is ambiguous.

9. That Dodora's interpretation of the contract is plausible is supported by reference to Texas Civil Practice and Remedies Code, which states in §64.031:

> GENERAL POWERS AND DUTIES. Subject to the control of the court, a receiver may:
> (1) take charge and keep possession of the property;
> (2) receive rents;
> (3) collect and compromise demands;
> (4) make transfers; and
> (5) perform other acts in regard to the property as authorized by the court.

Nothing in that section, or any other section of the Texas Code, says that a receiver may, in his sole discretion, enter into contracts regarding receivership property without authorization of the appointing court. On the contrary; sub-paragraph 5 seems to require court approval for any act not expressly permitted by statute. Since a receivership is an extraordinary remedy with Constitutional due process implications, *see* <u>In re Receivership Estate of Indian Motorcycle Mfg., Inc.</u>, 299 B.R. 36 (D.Mass. 2003), the

---

[2] For purposes of this argument, Dodora assumes but does not admit that the exhibit to the motion in fact is the settlement agreement entered into in Texas.

statute must be interpreted strictly. It is a reasonable and plausible interpretation, therefore, to say that the contract was not effective until approved by the Texas court.

10. The defendant also claims that Dodora's position is that the Texas court "disapproved the contracts." This is untrue. Paragraph 3 of the complaint states, in relevant part: "… the Texas court vacated the default judgment and dissolved the receivership <u>without approving the receiver's contracts with Directi</u> and without ordering the disposition of any of Dodora's assets." (Emphasis added.) *See also paragraphs 24, 25, and 41 of the complaint.* What the complaint actually alleges and what the defendant thinks it alleges are not the same thing at all. All Dodora is alleging is that the defendant's actions were not taken in accordance with a contract that <u>had</u> been approved by the Texas court. The "Agreed Order Closing Receivership" makes it clear that the contracts were never approved, which means, for the reasons given above, that the contracts remained ineffective because the Texas court never authorized the receiver to enter into them. That is not the same thing, however, as saying that the Texas court *disapproved* the contracts. Because the parties to the Texas litigation agreed to terminate the receivership, the question of whether the contracts should be approved was never presented to the Texas court; by agreement, the motion for approval was denied as moot. Since courts generally do not decide moot questions, disapproval of the contracts was never a issue. That the contracts were never *actually approved* seems indisputable.

11. The defendant also seems to argue that certain language in the agreed order results in the contracts being implicitly approved. The language is: "ORDERED that all actions taken by the receiver during the pendency of the receivership are APPROVED in all respects." The defendant seeks to extend that very general statement to a specific act by the

receiver, i.e., entering into contracts with the defendant. The difficulty with that position is that elsewhere in the Agreed Order, it was specifically and explicitly stated that the receiver's motion for approval of the contracts was denied as moot, meaning that the contracts were expressly not approved (which, as stated above, is not the same thing as saying they were *disapproved*). The general provision approving of the receiver's actions cannot ratify a specific action which, by agreement, the Court declined to approve. Undoubtedly the receiver took many actions during the course of the receivership, and it is reasonable to say that the general provision approved all actions <u>other</u> than entering into the contracts. Approval of the contracts, however, was expressly denied as moot, and approval of the receiver's <u>other</u> actions cannot logically be imported to his actions regarding the contracts.

12. As a last ditch effort, the defendant claims on page 3 of the motion that "it would be completely inequitable now to declare invalid whatever Directi did …" This seems to say that even if the contracts were invalid, Directi should be allowed to keep whatever monies it collected from Dodora's clients because Directi acted in detrimental reliance on an express or implied representation by the receiver that the contracts were valid, i.e., that it is entitled to keep the money based on theories of restitution or quasi-contract. There may well be some merit to a quasi-contract theory. However, Dodora was not the other party to the invalid contract – the receiver was. Thus if Directi has a remedy, it is against the receiver, not Dodora. The Texas Civil Practice and Remedies Code expressly permits suits against receivers, without permission of the appointing court and even if the receiver has been discharged[3]:

---

[3] This may well be why the receiver refused to attend a deposition unless Dodora waived any claims it may have against the receiver.

> § 64.052. SUITS AGAINST RECEIVER. (a) A receiver who holds property in this state may be sued in his official capacity in a court of competent jurisdiction without permission of the appointing court.
> (b) A suit against a receiver may be brought where the person whose property is in receivership resides.
> (c) In a suit against a receiver, citation may be served on the receiver or on any agent of the receiver who resides in the county in which the suit is brought.
> (d) The discharge of a receiver does not abate a suit against the receiver or affect the right of a party to sue the receiver.

13. Ultimately, what the defendant seeks by way of the present motion, essentially, is summary judgment on a specific issue – the validity of the contracts. Assuming, without admitting, that the present motion complies with Local Rule 56.1, requiring a "concise" statement of the material facts which the defendant believes are not subject to reasonable dispute, the defendant has not presented any admissible evidence in the form of affidavits, depositions or other documents. The defendant has failed completely to prove the facts it alleges. *See* Celotex Corp. v. Catrett, 106 S.Ct. 2548, 477 U.S. 317, 91 L.Ed.2d 265 (1986).

WHEREFORE Dodora requests that the motion be denied in all respects.

June 1, 2005

                          Respectfully submitted,
                          DODORA UNIFIED COMMUNCATIONS, INC.
                          By its attorney;

                          /s/   *David G. Baker*
                          David G. Baker, Esq.
                          105 Union Wharf
                          Boston, MA  02109
                          BBO # 634889
                          617-367-4260

Certificate of Service

The undersigned hereby states upon information and belief that the within Objection was served upon counsel for Direct Information by the Court's CM/ECF system, and I certify that a copy also was served by Email to counsel for the defendant at dhecker@PBL.COM.

/s/   *David G. Baker*
David G. Baker, Esq.