United States District Court
District of Massachusetts

```
_____
                              )
DODORA UNIFIED COMMUNICATIONS,)
INC.,                         )
                              )
          Plaintiff,          )   Civil Action No.
                              )   05-10016-NMG
     v.                       )
                              )
DIRECT INFORMATION PVT. LTD. et)
al.                           )
                              )
          Defendants.         )
_____)
```

ORDER

**GORTON, J.**

The Court, having received and considered defendant's motions in limine and plaintiff's responses thereto and having heard brief oral argument on the motions, rules as follows:

<u>1. Defendant's Motion in Limine Concerning Certain Contract Issues (Docket No. 39)</u>

The motion will be **ALLOWED** because plaintiff did not oppose it before May 27, 2005, the deadline set by order of this Court for objections to motions in limine, and because the order of the Texas court which closed the receivership clearly and unambiguously "ordered that all actions taken by the receiver during the pendency of the receivership are approved in all

-1-

respects". Interpreting "all actions" to exclude contracts entered into by the receiver would be an impossible reading of the language of that order. Plaintiff, therefore, will not be allowed to present any evidence to challenge the validity of any contracts between the receiver, Richard Bernstein, and Directi.

2. Defendant's Motion in Limine Regarding Damages Testimony (Docket No. 41)

The motion will be **DENIED**, for the most part, and plaintiff will be allowed to present evidence of its relevant and potentially recoverable damages. However, Mr. Garraud is precluded from testifying as to the amount of money he believes Directi received during its management of Dodora's business, unless he has actual evidence based on Directi's books and records to support that testimony, because otherwise such testimony would consist of pure speculation.

Mr. Garraud may testify regarding Dodora's alleged lost profits as a lay witness, pursuant to Fed. R. Evid. 701, insofar as his testimony is (a) rationally based on his perception, (b) helpful and (c) not based on scientific, technical or other specialized knowledge. As long as his testimony regarding alleged lost profits does not involve complex modeling that rises to the level of technical or specialized data analysis or similarly technical information, his testimony on lost profits will be allowed into evidence. Mr. Garraud will not be permitted

to testify as to matters requiring scientific, technical or other specialized knowledge, however, because he was not disclosed as an expert witness.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: June 3, 2005