UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
                                      )
DODORA UNIFIED COMMUNICATIONS,        )
INC.,                                 )
          Plaintiff,                  )
                                      )         Civil Action No.
     v.                               )         05-10016-NMG
                                      )
DIRECT INFORMATION PVT. LTD. and      )
ANSWERABLE, INC.,                     )
          Directis.                   )
_____)

## DEFENDANT, DIRECT INFORMATION PVT. LTD.'S, PROPOSED JURY INSTRUCTIONS

The defendant, Direct Information Pvt. Ltd., respectfully submits the following proposed jury instructions. Directi assumes, for purposes of these proposed jury instructions, that Texas law is substantially similar to Massachusetts law. (Directi does not concede that Massachusetts law applies). Defendants reserve the right to argue that, instead, Texas or some other law applies to all or some claims.[1]

## DESCRIPTION OF PARTIES AND CLAIMS

1.    Dodora Unified Communications, Inc. ("Dodora") is the plaintiff in this action. As plaintiff, Dodora has brought claims against the defendant, Direct Information Private Limited ("Directi"), for conversion, money had and received, tortious interference with advantageous business relations, and unfair and deceptive trade practices.

---

[1] Directi believes there is no basis for a Chapter 93A claim against it, because the events at issue occurred in Texas and/or India, not Massachusetts, and because none of Directi's actions were "unfair or deceptive." Directi has included instructions on Dodora's Chapter 93A claim without waiving its arguments that the Chapter 93A claim cannot be pursued.

ID # 433302v01/14386-2/ 06.05.2005

2. I will now instruct you on the essential elements of each of Dodora's claims.

**CONVERSION**

3. Dodora claims that Directi converted certain of its property. To prove conversion, Dodora must prove by a preponderance of the evidence that it had possession, or a right to immediate possession, of the relevant property at the time when Directi committed the acts complained of, that Directi converted the personal property to its own use by exercising over it a dominion that was inconsistent with Dodora's right, and that it was damaged as a result. See 17A Mass. Practice § 991.

4. Dodora must first show that it had a right to immediate possession of the property. See Massachusetts Lubricant Corp. v. Socony-Vacuum Oil Co., 305 Mass. 269 (1940). You may consider in this regard whether the Texas court's or the receiver's actions, including the contracts the receiver entered into with Directi, divested Dodora of any right to immediate possession of what it is Dodora claims that Directi converted, before Directi took any action with respect to the property. I have ruled, and so instruct you, that Directi's contracts with Mr. Bernstein were and are valid agreements.

5. Dodora must also prove that Directi asserted title or a right of dominion over the property, by selling, leasing, or destroying the property. Spooner v. Manchester, 133 Mass. 270 (1882). In addition, Dodora must show that it demanded that Directi return the items to it and that Directi refused to do so. Abington National Bank v. Ashwood Homes, Inc., 19 Mass. App. Ct. 503 (1985). Finally, Dodora must prove that any acts of conversion it proves in fact caused Dodora damages.

## MONEY HAD AND RECEIVED (UNJUST ENRICHMENT)

6. Dodora has brought a claim for money had and received against Directi. In order to prove this claim, Dodora must establish that Directi obtained and retained monies belonging to Dodora, without incurring any burden or exchanging any consideration to do so. Dodora must therefore prove that it, and not Directi or anyone else, had a right to any money that Dodora proves that Directi received. 17 Mass. Practice, § 5.1-5.3. Dodora must also prove that Directi did not do anything that should allow it to recover or to keep whatever money of Dodora that Dodora might prove Directi actually retained. Id.

7. Dodora must also show that Directi obtained the money under such circumstances that, in equity and good conscience, it should be returned to Dodora. Suncook Mills v. United States, 44 F. Supp. 744 (D. Mass. 1942).

8. Dodora has raised a defense to Dodora's claim of money had and received. If you conclude that Dodora gave value or some form of consideration, which can include binding itself to or performing under a contract, you must determine that Directi cannot be held liable on this claim. See National Shawmut Bank of Boston v. Fidelity Mut. Life Ins. Co., 318 Mass. 142 (1945). I have ruled, and so instruct you, that Dodora's contracts with Mr. Bernstein were and are valid agreements.

9. If you conclude that Dodora has proven these elements by a preponderance of the evidence, and that Directi has not proved its defense, then you may award Dodora damages on this claim. The damages may not be speculative or conjectural losses. Dodora is only entitled to damages that represent the actual money it has proved that Directi obtained and retained.

## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS

10.     Dodora has also brought a counterclaim against Directi for tortious interference with advantageous business relations with respect to Dodora's customers.  To prove its claim for intentional interference with advantageous business relations, Dodora has the burden of proving that Directi (1) committed intentional and willful acts; (2) acted in a way calculated to cause damage to Dodora in its lawful business; (3) acted with improper means or motives or for an unlawful purpose to cause damage to Dodora without right or justifiable cause; and (4) caused actual damage and resulting loss to Dodora.  See King v. Driscoll, 418 Mass. 576 (1994); United Truck Leasing Corp. v. Geltman, 406 Mass. 811 (1990); Chemawa County Golf, Inc. v. Wnuk, 9 Mass. App. Ct. 506 (1980).

11.     Dodora has the burden of first proving that it had a business relationship or that it held a contemplated contract of economic benefit with the relevant customers.

12.     Next, Dodora must prove that Directi had actual knowledge of that business relationship or contract between Dodora and the customers.

13.     Dodora also must then prove that Directi acted without lawful cause.  See Dulgarian v. Stone, 420 Mass. 843, 851 n. 8 (1995); Conway v. Smerling, 37 Mass. App. Ct. 1 (1974).  Dodora must prove that Directi acted with an improper purpose (such as ill will toward or a purpose to injure Dodora, rather than to benefit Directi or the receivership) or used illegal and improper means to accomplish the interference (such as through defamation or misrepresentation).  United Truck Leasing, supra, 406 Mass. at 816-17, Dulgarian, supra, 420 Mass. at 51, n. 8; Draghetti v. Chmielewski, 416 Mass. 808, 818 n. 14 (1994).

ID # 433302v01/14386-2/ 06.05.2005

14.     "A competitor may 'interfere' with another's contractual expectancy by picking the deal off for himself if, in advancing his own interests, he refrains from employing unlawful means."  Doliner v. Brown, 21 Mass. App. Ct. 692, 695 (1996).  "The motivation of personal gain, including financial gain, … generally is not enough to satisfy the improper requirement."  King v. Driscoll, 418 Mass. 576, 587 (1994).  Competing for business by offering low prices or superior service does not, by itself, constitute unlawful interference.  American Private Line Services, Inc. v. Eastern Microwave, Inc., 980 F.2d 33, 36 (lst Cir. 1992); Schwanbeck v. Federal-Mogul Corp., 31 Mass. App. Ct. 390, 413 (1991), aff'd on other grounds, 412 Mass. 703 (1992).

15.     Dodora also has the burden of proving causation; in other words, that any improper interference it proves actually caused it to lose the customers.  As I will explain in a few minutes, Dodora also must prove it has been damaged.

16.     Directi has claimed a defense of justification to Dodora's allegation of tortious interference with advantageous business relations.  If you conclude that Dodora has established, by a preponderance of the evidence, the elements of this claim, you must then consider whether Directi was justified in its actions.  In other words, if you determine that Directi acted for a lawful purpose, under its contracts or otherwise, then you must find that Directi is not liable to Dodora on this claim.  See Godin v. Niebuhr, 126 Mass. 350 (1920); Martell v. White, 185 Mass. 255 (1904).

**UNFAIR OR DECEPTIVE TRADE PRACTICES**

17.     Dodora also asserts a claim under a Massachusetts statute that prohibits unfair or deceptive practices or acts by business persons.  You may return a verdict for Dodora on this claim if it proves that the following elements are more likely than not to

5

be true: both Dodora and Directi were engaged in trade or commerce with respect to the conduct at issue; Directi's conduct was unfair or deceptive; and Directi's conduct in fact caused Dodora a loss of money or property. Slaney v. Westwood Auto, Inc., 366 Mass. 688, 700-704 (1975).

18. Directi has raised as a defense that the conduct of Directi, of which Dodora complains, did not occur primarily and substantially in Massachusetts. If you find that Directi has proven that defense, then you must find in favor of Directi.

19. In determining whether Directi's conduct occurred primarily and substantially in Massachusetts, the relevant factors are the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, the domicile, residence, place of incorporation and place of business of the parties, where the defendant allegedly committed the unfair or deceptive acts, the location of Dodora when it acted upon the alleged unfair or deceptive acts, and the situs of Dodora's claimed losses. Boston Hides & Furs, Ltd. v. The Sumitomo Bank, Ltd., 870 F. Supp. 1153 (D. Mass. 1994). The mere fact that Dodora is located in Massachusetts is not enough for you to determine that Directi's conduct occurred primarily or substantially here.

20. There is no set definition of what is unfair or deceptive in all cases. Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 778 (1986). You must consider the circumstances and facts of this case to determine whether Directi's actions, statements or failures to act were within any recognized concept of unfairness, were immoral, unethical, oppressive or unscrupulous, or caused substantial injury to Dodora or

ID # 433302v01/14386-2/ 06.05.2005

others.  PMP Assoc., Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975); Glickman v. Brown, 21 Mass. App. Ct. 229, 234 (1985).

21.   If you find that Directi did commit unfair or deceptive acts or practices, then you must also consider whether Directi acted knowingly or willfully.  You may find that Directi either knowingly or willfully committed unfair or deceptive acts; you do not need to find both.  A knowing state of mind for this purpose exists when and if Directi is aware that its conduct is unfair or deceptive or is practically certain that its conduct will cause an unfair or deceptive result.  M. Gilleran, The Law of Chapter 93A, §11:8 at pp. 359-60.

## **DAMAGES**

22.   Simply because I am instructing you on the issue of damages does not imply, nor do I mean to suggest, that you should return a verdict in favor of Dodora.  In order to reach the issue of damages at all, you must first have decided that Dodora is entitled to recover damages.

23.   If you should find, from a preponderance of the evidence in the case, that Dodora has proved each of the elements of one or more of its claims, the law provides that it is to be fairly compensated for its damages, if any, to its business or property, which were proximately caused by the other party's conduct.  However, to recover damages, Dodora must prove that it suffered actual damages as a consequence of Directi's conduct.  Those damages cannot be speculative or conjectural losses.  The burden is on Dodora to prove by a preponderance of the evidence that it suffered specific and identifiable financial loss as a direct result of the Dodora's actions.  It must prove to you the amount of

that loss specifically. If Dodora meets this burden, you may award it the actual damages it suffered.

24. Even if you find that Directi committed the acts complained of by Dodora, Directi is not liable for Dodora's financial injury unless Directi's acts caused that injury. See Restatement (Second) of Torts, Section 430 (1965). To meet its burden, Dodora must show that there was greater likelihood or probability that the harm complained of was due to causes for which Directi is responsible than from any other cause. Mullins v. Pine Manor Coll., 389 Mass. 47, 58 (1983). The defendant's conduct was the legal cause of the plaintiff's financial injury if it was a substantial factor in bringing it about. In other words, if the harm would have occurred anyway, Directi is not liable. O'Connor v. Raymark Indus., Inc., 401 Mass. 586, 591 (1988). Furthermore, to establish causation, Dodora must show that the financial harm was reasonably foreseeable to an entity in Directi's position at the time of the acts complained of. Dodora must show that the financial harm was a natural and probable consequence of Directi's actions. Hill v. Winsor, 118 Mass. 251, 259 (1875).

25. In the event you reach the issues of damages, be advised that the party seeking damages is required, as part of its burden of proof, to establish its claims for damages upon a solid foundation in fact, and cannot recover when any essential element is left to conjecture, surmise or hypothesis. You are not permitted to speculate or guess as to the amount of damages. You should not consider estimates of losses that are guesses, speculations, and unwarranted conclusions of any witnesses. The damages, if any, must be restricted to those losses, including, when it is allowed, claimed lost profits, which are

ID # 433302v01/14386-2/ 06.05.2005

logically and legally inferable from proven facts.  Snelling & Snelling, Inc. v. Wall, 345 Mass. 634, 636 (1963); MacDonald v. Hawker, 11 Mass. App. Ct. 869, 877 (1981).

26.     The kinds of damages you may award if you find Directi to be the legal cause of Dodora's damages differ depending on which of Dodora's claims, if any, you find it has proved.  If you find that Dodora has proved its conversion claim, you may only award Dodora the amount of money or the value of the property that you find Directi actually converted.  United Mobile Networks, L.P. v. Deaton, 939 S.W.2d 146, 147-48 (Tex. 1997).  If you find that Dodora has proved its money had and received claim, then you may only award Dodora the money that Directi actually received and retained.  17 Mass. Practice, Prima Facie Case, §30.5 (1997).  You may not award duplicative damages; in other words, if you find Dodora is entitled to damages, it may receive only one sum to compensate for that loss.

27.     Dodora's interference claim allows for an award of what it calls lost profits; that is to say, profits which Dodora claims it would have made, but for the allegedly unlawful conduct of Directi.  If you decide that Dodora has established that Directi tortiously interfered with Dodora's advantageous business relations, you must then consider whether Directi's conduct caused or worsened Dodora's financial injury. Simmons v. Monarch Mach. Tool Co., 413 Mass. 205, 212 (1992).

28.     You may not award Dodora purely speculative damages.  An allowance for lost profits may be included in a damage award only where there is a reasonable basis in the evidence in the case for determining that the successful party has in fact suffered a loss of profits and that the defendant's interference is the cause of that loss.

29.    A successful party is not entitled to recover any damages that it could have avoided or reduced by taking reasonable steps. All persons have a duty to take reasonable steps to mitigate -- that is, to keep to a minimum -- the adverse consequences of damage they suffer as the result of acts of others. Reasonable steps are those that would be taken by a reasonably prudent person in like circumstances. Thus, if you assess any damages in Dodora's favor, you must reduce the amount of your award by the amount of damages that Dodora could have avoided by taking reasonable steps. Burnham v. Mark IV Homes, Inc., 387 Mass. 575, 586 (1982).

30.    In determining the amount of damages, if any, to which a party is entitled, the object is not to impose a fine or penalty upon the party that acted unlawfully, but only to determine the amount of any reasonable compensation to which the successful party may be entitled. You are not to include in any award of damages any amount for the purpose of punishment or to serve as an example or warning for others. Santana v. Registrar of Voters of Worcester, 398 Mass. 862, 867 (1986). Nor may you include in any award any sum for court costs or attorneys' fees. Harrison v. Textron, Inc., 367 Mass. 540, 544, n.11 (1975).

31.    If you do reach the issue of damages, you are not to include or add any amount for interest.

ID # 433302v01/14386-2/ 06.05.2005

>Respectfully submitted,
>DIRECT INFORMATION PVT. LTD.,
>By its attorneys,
>
>s/Dustin F. Hecker
>
>_____
>Dustin F. Hecker, Esq. BBO#549171
>Nancy J. Puleo, Esq. BBO# 648457
>POSTERNAK, BLANKSTEIN & LUND, LLP
>Prudential Tower
>800 Boylston Street
>Boston, MA 02199
>(627) 973-6100

Dated: June 5, 2005

## CERTIFICATE OF SERVICE

I, Dustin F. Hecker, Esquire, Posternak, Blankstein & Lund, LLP, hereby certify that on this 5th day of June, 2005 I caused a copy of the foregoing to be served by the Federal Court's CM/ECF system and by email to David Baker, Esq., 105 Union Wharf, Boston, Massachusetts 02109.

>s/Dustin F. Hecker
>
>_____
>Dustin F. Hecker

ID # 433302v01/14386-2/ 06.05.2005