UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DODORA UNIFIED COMMUNICATIONS, INC.

Plaintiff,

v.

DIRECT INFORMATION PVT. LTD., et al

Defendants.

Civil Action
No. 05-10016-NMG

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

NOW COMES Dodora Unified Communications, Inc., and respectfully submits the

following jury instructions for the consideration of the Court.  Dodora is not addressing the claim

pursuant to Mass.Gen.Laws Ch. 93A, as that count is generally reserved to the Court.

Introduction

Ladies and gentlemen of the jury, the parties to this litigation have completed their

presentations of evidence.  In a few minutes, you will retire to the jury room to consider the

evidence and decide the merits of the case.  Before you do, I will instruct you on the law.

In general, it is duty of the jury to determine the facts of the case.  Each side has its own

view of what the facts are, but it is the jury's determination that controls.  In reaching your

determination, you should consider only what the witnesses testified to and what the documents

admitted into evidence tell you.  What the lawyers say or what I say is not evidence.  You may

decide which witnesses you believe, and you may assign what ever weight you feel is

appropriate to the evidence, whether testimony or documents.

In considering the evidence, remember that for one side to prevail, that side need only persuade you by a preponderance of the evidence. This means that that side has tipped the scales in its favor, if only by a small amount. You should not give any weight to the number of witnesses that have testified for one side or the other, nor should you give any weight to the number of documents or exhibits that one side or the other has introduced.

The Conversion Claim

Dodora, the plaintiff, first claims that Directi "converted" its property. The tort of conversion requires an intentional <u>or</u> wrongful exercise of dominion or control over personal property of another by one with no right to immediate possession. An action for conversion "'cannot be maintained without proof that the defendant either did some positive wrongful act with the intention to appropriate the property to himself or to deprive the rightful owner of it, or destroyed the property.' " It is no defense to conversion for defendant to claim that he acted in good faith, reasonably believing that he had a legal right to possession of the goods. {<u>Kelley v. LaForce</u>, 288 F.3d 1 (1st Cir. (Mass.) 2002) *(internal citations omitted)*.}

A "tort" is a wrongful act that is not necessarily criminal. Assault and battery, for example, can be a tort as well as a crime. In reaching your decision on this claim, you should consider whether Directi's actions were either intentional <u>or</u> wrongful, and whether Directi had any right to possession of Dodora's property. Remember that it is not a defense to conversion for a defendant to claim a good faith belief in his right to possession.

If you find that Directi has caused damage to Dodora, you may award Dorora a sum of money. In tell you this, I am not instructing you to award money damages; you can only do that if, after considering all the evidence, you find that Directi is liable. The rule of damages in

actions for conversion is to the effect that the converter is liable for the fair market value of the

property at the time of the conversion plus interest from the date of the conversion to the date of

judgment.  Fair market value is "'the highest price which a hypothetical willing buyer would pay

to a hypothetical willing seller in an assumed free and open market."

{Clapp v. Haynes, 11 Mass.App.Ct. 895, 897, 414 N.E.2d 359, 361 (1980), review denied ___

Mass. ___, 441 N.E.2d 1042 (1981), quoting Epstein v. Boston Housing Authy, 317 Mass. 297,

299-300, 58 N.E.2d 135, 137- 138 (1944).}

In determining the amount which Dodora should be paid, you may include interest from the date

of the conversion.

{Koski v. Haskins, 236 Mass. 346, 348, 128 N.E. 427, 428, 429 (1920).}


The Money Had and Received Claim

        Dodora also claims that Directi received money under circumstances that make it unfair

or inequitable for Directi to keep the money.  In general, the law says that one receiving money

of another without just right to it, must restore it to the other.

{National Shawmut Bank of Boston v. Fidelity Mut.Life Ins. Co., 318 Mass. 142, 61 N.E. 2d 18

(1945), *cited in* Interstate Lito Corp. v. Brown, 255 F.3d 19 (1st Cir. 2001)}.

        If and only if you conclude that Directi received money that should have been paid to

Dodora, you may award damages to Dodora in the amount that you determine appropriate.


The Interference with Advantageous Business Relations Claim

        Lastly, Dodora claims that Directi interfered with its business relationships with its

customers.  "Claims of intentional interference with contractual or advantageous relations require

a showing that the defendant knowingly and for an improper purpose or by improper means induced a party to breach a contract or not to enter into or continue a business relationship, resulting in damage."

{Buster v. George W. Moore, Inc. 438 Mass. 635, 783 N.E. 2d 299 (2003) *cited in* Zyla v. Wadsworth, Div. Of Thomson Corp., 360 F.3d 243 (1st Cir. 2004).}

In order to prevail on a claim of intentional interference with advantageous business relations, a plaintiff must demonstrate actual harm to an existing or prospective relationship of economic benefit.

{Lynch v. City of Boston, 180 F.3d 1 (1st Cir. 1999).}

In essence, this claim asks to be awarded damages for lost profits – that is, profits that Dodora will never earn because of Directi's actions.  "Prospective profits may be recovered in an appropriate action when the loss of them appears to have been the direct result of the wrong complained of and when they are capable of proof to a reasonable degree of certainty. They need not be susceptible of calculation with mathematical exactness, provided there is a sufficient foundation for a rational conclusion."

{Lowrie v. Castle, 225 Mass. 37, 113 N.E. 206 (1916), *quoted in* Augat, Inc. v. Aegis, Inc. 417 Mass. 484, 631 N.E. 2d 995 (1994).}


Damages, in general

In what I have told you, I have referred to damages.  You are to keep in mind that you only need to consider awarding damages to Dodora if you find, based on a preponderance of the evidence, that Dodora has in fact been damaged by Directi's actions.  The amount you award must be based on some facts that were admitted into evidence, either by testimony or by

documents.  You should not award damages on one count if it is merely duplicating damages on

another count.  Similarly, the basis for awarding damages is not to punish Directi; you should

only award such damages as will restore Dodora to where it would have been but for Directi's

actions.  If you find that Dodora could or should have taken some steps to reduce the amount of

damage it suffered, you should reduce any damage award accordingly.


June 5, 2005

                                                    Respectfully submitted,
                                                    DODORA UNIFIED COMMUNCATIONS, INC.
                                                    By its attorney;


                                                    /s/      David G. Baker
                                                    David G. Baker, Esq.
                                                    105 Union Wharf
                                                    Boston, MA  02109
                                                    BBO # 634889
                                                    617-367-4260

                                                    Certificate of Service

The undersigned hereby states upon information and belief that the within Proposed Jury
Instructions was served upon counsel for Direct Information by the Court's CM/ECF system, and
I certify that a copy also was served by Email to counsel for the defendant at
dhecker@PBL.COM.


                                                    /s/      David G. Baker
                                                    David G. Baker, Esq.