UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC.,<br>      Plaintiff,<br><br>v.<br><br>DIRECT INFORMATION PVT. LTD. and ANSWERABLE, INC.,<br>      Defendants. | Civil Action No.<br>05-10016-NMG |

## DEFENDANT'S MOTION FOR A DIRECTED VERDICT

The defendant, Direct Information Pvt. Ltd. ("Directi"), hereby requests, pursuant to Fed. R. Civ. Pro. 50(a), that the Court direct a verdict and enter judgment as a matter of law in favor of Directi on all counts raised against it by the plaintiff, Dodora Unified Communications, Inc. ("Dodora"). As grounds therefore, Directi states as follows:

1. There is no legally sufficient evidentiary basis for a reasonable jury to find for Dodora on its claims of conversion, money had and received, interference with advantageous relations, or unfair or deceptive trade practices under Mass. G. L. c. 93A, §§2 & 11. Accordingly, the Court should direct a verdict and enter judgment as a matter of law in favor of Directi.

2. Dodora has not proved its conversion claim for the reasons, inter alia, that it did not have a right to possession of the domain name assets and money it seeks in this case as a result of the actions of the Texas court and the receiver in taking control of those assets at that time. In addition, Directi was entitled, under its agreements with Mr. Bernstein, to

manage the assets and to collect the monies and, in the case of its own agreed fee, to retain approximately $12,000. Dodora also did not demand a return of any of the domain name information until after it filed this lawsuit, and Directi repeatedly offered, immediately before and after the receivership was closed, to return those data files.

3. Dodora has not proved its money had and received/unjust enrichment claim for the reasons, inter alia, that it has not proved and no reasonable jury could conclude that Directi obtained money to which Dodora had any rights and that Directi did not provide any benefit or consideration with respect to the receipt of that money.

4. No reasonable jury could conclude that Dodora has proved its interference with advantageous relations claims for the reasons, inter alia, that Directi did not act with an improper purpose or improper motive, Directi acted for lawful reasons under valid contracts with a duly-appointed receiver, at most merely competed based on superior service and/or lower prices for domain name registration business that it and hundreds of other registrars compete for worldwide on a daily basis, and did not employ any unlawful means. In addition, no reasonable jury could conclude that Dodora had suffered any losses of profits or otherwise as a result of any actions of Directi or which losses Dodora did not even seek to mitigate due to its utter failure to attempt to resurrect its domain name business.

5. No reasonable jury could conclude that Dodora has proven its Chapter 93A claim. Judgment as a matter of law should enter in favor of Directi on that claim for the reasons, inter alia, that none of the conduct complained of occurred primarily and substantially in Massachusetts, Directi's actions were taken pursuant to valid contracts with a duly-appointed court receiver, Directi did not act unfairly or deceptively or knowingly or

willfully within the meaning of Chapter 93A, and Directi's actions, if anything, benefited Dodora and did not cause it any harm.

6. Dodora's claims under Counts I (Declaratory Judgment) and V (Injunctive Relief) raise issues addressable to the Court. However, as a matter of law, Dodora has not proved any entitlement to relief under those counts for the reasons, inter alia, that Directi has returned to Dodora electronic files containing all information about the domain names of customers Dodora obtained under contract to Mr. Bernstein; Directi is entitled to retain the roughly $12,000 it was paid as its fee for its services; to the extent that Directi currently does business with any former customers of Dodora, it is merely engaging in lawful competition; and Dodora no longer is engaged in the business of domain name registrations in any event sufficient to allow it to seek declaratory or injunctive relief with respect to those or any other customers.

Respectfully submitted,

DIRECT INFORMATION PVT. LTD.,

By its attorneys,

Dustin F. Hecker, Esq., BBO# 549171
Nancy J. Puleo, Esq., BBO 648457
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199
(617-973-6100)

Dated: June 7, 2005

**CERTIFICATE OF SERVICE**

I, Dustin F. Hecker, hereby certify that on this 7th day of [illegible], 2005, I caused a copy of the foregoing to be served by hand on: David Baker, Esq., 105 Union Wharf, Boston, Massachusetts 02109.

_____
Dustin F. Hecker

4