UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
                                            )
DODORA UNIFIED COMMUNICATIONS,              )
INC.,                                       )
      Plaintiff,                            )
                                            )   Civil Action No.
      v.                                    )   05-10016-NMG
                                            )
DIRECT INFORMATION PVT. LTD. and            )
ANSWERABLE, INC.,                           )
      Defendants.                           )
_____)

**DEFENDANT'S REQUEST FOR FINDINGS UNDER MASS. G. L. c. 231, §6F**

    The defendant, Direct Information Pvt. Ltd. ("Directi"), hereby requests that the Court determine, pursuant to Mass. G.L. c. 231, §6F, that all or substantially all of the claims of the plaintiff, Dodora Unified Communications, Inc. ("Dodora"), were wholly insubstantial, frivolous and not advanced in good faith and, after such finding, award to Directi its attorneys' fees, costs and expenses. As grounds therefore, Directi states as follows:

1. As was made clear in the affidavit of Bhavin Twakhia, submitted in connection with the motion for a preliminary injunction, and was repeated at trial, Directi was at all times willing to return to Dodora whatever information Directi had about the customers and domain names it had access to while managing those names and customers under contract to the receiver, Mr. Michael Bernstein. Directi returned that information once Dodora made clear the electronic format for the information. The substantive claims that Dodora advanced, dealing with the supposed interference with

its business, for money had and received, and for conversion of its claimed assets, were without basis in fact or law.

2. As Mr. Garraud admitted at trial (and in his deposition), and as was clear from the court filings in Texas, Mr. Bernstein, not Dodora, had the right to possession of those assets at the time Directi became involved with him. Directi was entitled to keep the small sum it earned as its fee for the work it performed under contract to Mr. Bernstein. Directi's work benefited Dodora, and, at least, would have if Dodora had ever intended to restart its business, which it did not intend to do. Directi promptly ceased using any of the information available to it and made concerted efforts following the receivership to try to transition that information back to Mr. Garraud. Dodora and Mr. Garraud, however, were not interested in obtaining back that which they claimed, in this case, they were interested in obtaining. Rather, they were intent on attempting to obtain from Directi monies to which Dodora was not entitled.

3. It should have been obvious to Dodora that there was no basis for a claim against Directi, especially after the settlement in Texas specifically affirmed all actions of the receiver which, as the Court concluded, included his hiring of Directi. Directi has spent several tens of thousands of dollars litigating this case and requests that the Court award it its attorneys' fees incurred in connection with this matter, plus its costs and expenses.

4. Directi promptly will submit a fee affidavit if the Court wishes to consider this application on the merits.

ID # 434214v01/14370-2/ 06.13.2005

Respectfully submitted,
DIRECT INFORMATION PVT. LTD.,
By its attorneys,

s/Dustin F. Hecker

_____
Dustin F. Hecker, Esq., BBO# 549171
Nancy J. Puleo, Esq., BBO 648457
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street
Boston, MA  02199
(617-973-6100)

Dated: June 13, 2005

## CERTIFICATE OF SERVICE

      I, Dustin F. Hecker, hereby certify that on this 13th day of June, 2005, I caused a copy of the foregoing to be served pursuant to the Court's cm/ecf system and by electronic mail, to: David Baker, Esq., 105 Union Wharf, Boston, Massachusetts 02109.

                                      s/Dustin F. Hecker
                                      _____
                                      Dustin F. Hecker

ID # 434214v01/14370-2/ 06.13.2005