UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC., <br>     Plaintiff, <br><br> v. <br><br> DIRECT INFORMATION PVT. LTD. and ANSWERABLE, INC., <br>     Defendants. | Civil Action No. <br> 05-10016-NMG |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**REQUEST FOR SANCTIONS**

Although it appears that the Court has closed this case and therefore likely will not consider the plaintiff's request for sanctions, the defendant Direct Information Pvt., Ltd. ("Directi") will respond to the opposition.

Directi undoubtedly was the prevailing party in this case and, at minimum, ought to have had the opportunity, under Rule 54(d), to have the clerk tax the plaintiff, Dodora Unified Communications, Inc. ("Dodora"), with Directi's costs. These would include the expenses of the three depositions taken in the case and other allowed costs, such as photocopying. Those costs would have been included within the materials provided to the Court if it had decided Directi's request for fees and costs under Mass. G. L. c. 231, §6F. Accordingly, Directi was undoubtedly within its rights to request some taxing of costs against Dodora, which lost on each count that it presented at trial.

Moreover, Dodora's request for sanctions is based on a magistrate's opinion that, in substance, contends that Rule 11 provides an exclusive vehicle, in Federal Court, for the

ID # 438220v01/14386-2/ 07.21.2005

recovery of legal fees and related expenses not otherwise allowed under Rule 54(d). To that extent, Directi's request therefore simply could be converted to a request under Rule 11 if the Court were prepared to entertain any such requests at all.

The magistrate's opinion also has never been cited by any other Massachusetts court, Federal or State, whether in the District of Massachusetts or the First Circuit, that the defendant's lawyers can find. Many reported cases from this district and the First Circuit do, however, consider requests for attorneys' fees and costs under G.L. c. 231, §6F. *See, e.g., Boston Pilots v. Motor Vessel Midnight Gambler*, 357 F.3d 129, 135-36 (1st Cir 2004); *Foster v. Mydas Assoc., Inc.*, 943 F.2d 139 (1st Cir. 1991); *Smith v. Robertshaw Controls Co., et al*, 2004 U.S. Dist. Lexis 10448 (D. Ma 2004). Accordingly, Magistrate Judge Cohen's opinion is contrary to the approach adopted by the First Circuit and judges of this district, is not binding on this Court, and, apparently, his reasoning has not been accepted by any other judge in the District of Massachusetts or the First Circuit.

WHEREFORE, Directi respectfully requests that the Court deny the request for sanctions. Furthermore, Directi requests, to the extent that the Court considers the case at all to be open, that the Court grant its request for relief under Chapter 231, §6F and allow Directi to submit appropriate attorneys' fee and cost affidavits or, alternatively, tax costs against Dodora and in favor of Directi.

Respectfully submitted,

DIRECT INFORMATION PVT. LTD.,
By its attorneys,

_____
Dustin F. Hecker, Esq., BBO# 549171
Nancy J. Puleo, Esq., BBO 648457
POSTERNAK BLANKSTEIN & LUND LLP

The Prudential Tower
800 Boylston Street
Boston, MA 02199
(617-973-6100)

Dated: July 21, 2005

## CERTIFICATE OF SERVICE

I, Dustin F. Hecker, hereby certify that on this 21st day of July, 2005, I caused a copy of the foregoing to be served by ~~hand~~, to: David Baker, Esq., 105 Union Wharf, Boston, Massachusetts 02109.    mail

_____
Dustin F. Hecker