UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DODORA UNIFIED COMMUNICATIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>DIRECT INFORMATION PVT. LTD., LOGICBOXES, WEBHOSTING.INFO, TRANSECUTE (I) PVT LTD., RESELLERSRS, INC., AND ANSWERABLE, INC., COLLECTIVELY d/b/a "DIRECTI.COM"<br><br>Defendants. | Civil Action<br>No. 05-10016-NMG |

MOTION FOR AWARD OF SANCTIONS PURSUANT TO FRBP 9011

NOW COMES Dodora Unified Communications, Inc., plaintiff in the above captioned matter (hereinafter "Dodora"), by its attorney, and respectfully moves the Court pursuant to Fed.R.Civ.P. 11 for an award of sanctions against defendant Direct Information Pvt. Ltd., (hereinafter "Directi") and/or its attorney, and in support of his motion the debtor states as follows:

1. Dodora is the plaintiff in this civil action. The complaint was filed on January 5, 2005.
2. At the time of filing the complaint, Dodora requested, and the court granted, a temporary restraining order.
3. Thereafter, an actual hearing was held on Dodora's motion for a preliminary injunction. The motion was granted.
4. A trial was held commencing on June 6, 2005, and concluded on June 8, 2005. The jury verdict was for the defendant on all counts.
5. On June 13, 2005, the defendant filed a document captioned "Defendant's Request for Findings Under Mass.G.L. c. 231, §6f". For reasons unknown to Dodora, the document was entered on the docket as "Document disclosure by Direct Information Pvt. Ltd."

6. Dodora filed a response providing notice to the defendant that if the document was not withdrawn, a motion for sanctions pursuant to Fed.R.Civ.P. 11 would be filed, as Dodora believed the document to be in violation of that rule.

7. The motion, itself, was served on the defendant on July 8, 2005. The time delay between the date of the notice and the date of service of the motion was to afford the defendant time to withdraw the document <u>in addition</u> to the 21 days required by the rule. Nonetheless, the defendant did not withdraw the document.

8. Federal Rule of Civil Procedure 11(b) provides: "By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion , or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, - (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

9. As noted above, the defendant has been afforded more time to withdraw the "request for findings" than Rule 11 requires, but the defendant has not withdrawn the document.

10. The "request for findings" violates Rule 11(b) because that request is founded on misleading or actual misstatements of fact and upon a statute of the Commonwealth of Massachusetts which case law in this district unambiguously has held cannot be employed in a federal court.

11. The basis of the request is found in paragraph 3 of the request: "It should have been obvious to Dodora that there was no basis for a claim against Directi, especially after the settlement in Texas specifically affirmed all actions of the receiver which, as the Court concluded, included [the receiver's] hiring of Directi." It is patently obvious that if there was no basis for a claim against Directi, this Court would not have granted a temporary restraining order against Directi, much less a preliminary injunction. If there was no basis for a claim against Directi, then Directi should have filed a motion for summary judgment, as it essentially did with the issue of the validity of the receiver's contract with Directi. Dodora maintained - and still maintains - that the contract was not valid, and has filed a Notice of Appeal on that issue. Dodora believes and maintains that but for the Court's ruling against it on that issue, the jury verdicts would have been in Dodora's favor. Ultimately, the fact that Directi "has spent tens

of thousands of dollars" in defense is no reason for this Court to award sanctions, especially since there is no basis in fact or law for sanctions to be awarded.

12. In the absence of a factual (i.e., contract) or statutory basis, a prevailing litigant ordinarily is not entitled to collect attorney fees from the losing party. <u>Garshman Co., Ltd. v. General Electric Co., Inc.</u>, 993 F.Supp. 25 (D.Mass. 1998), *citing* <u>Alyeska Pipeline Serv. Co. v. Wilderness Society</u>, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).  The defendant has not - indeed, <u>cannot</u> since the parties were not in privity - point to any basis in contract for its request.  The only basis for the defendant's request is Massachusetts General Laws Chapter 231, §6f.

13. The substantive portion of the statute reads as follows:
    Upon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge or justice or by a jury, auditor, master or other finder of fact, the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith.

14. Assuming, without admitting, that the statute applies in a federal court, the defendant has not explained how the facts[1] it asserts in this "request" were "wholly insubstantial, frivolous and not advanced in good faith."   As suggested above, the Court implicitly found to the contrary when it granted a preliminary injunction, and the defendant's failure to seek summary judgment (thereby obviating the need for a trial) also suggests that the defendant knows that Dodora's complaint was well grounded in fact and law.

15. Even if the defendant had properly supported its request, however, recent case law in this district has held that Mass.Gen.Laws. Ch. 231 §6f is not available in federal courts.  <u>Monahan Corp. N.V. v. Whitty</u>, 319 F.Supp.2d 227 (D.Mass., 2004).  The decision of the magistrate judge in that case is well reasoned, thorough, and logical, and should be followed by this Court.  The defendant, however, simply ignored this decision and made no effort at argument as to why this Court should *not* follow it; indeed, the defendant has not cited any

---

[1] The defendant also does not point to any part of the record in support of its assertion of "facts", which facts are often stated in misleading fashion.  For example, in paragraph 2, the defendant asserts that Ron Garraud "admitted at trial (and in his deposition)" that Directi "had the right to possession of those assets".  Because there is no reference to parts of the record, Dodora cannot determine the context or what Mr. Garraud actually said.  It is most likely that the "admission" was to the effect that Directi had the right to possession <u>if</u> the contract between the receiver and Directi was valid.  In any event, the statement is a legal conclusion which Mr. Garraud is not qualified to give and would not be admissible at trial.

caselaw which *supports* its request. The defendant cannot simply ignore precedent which is not only directly on point but would require that its request be denied.

16. As the magistrate judge recognized, there were earlier cases which considered the statute, but the issue of whether the statute is applicable in federal courts was never raised before. Id. It was raised in that case, and Dodora is raising it again for all of the reasons given by the magistrate judge.

17. The defendant violated Rule 11(b) in the following respects:
    a. Because the defendant simply ignored recent precedent from this district, the request was asserted without a reasonable inquiry into the applicable law.
    b. The legal contentions therein (to the extent that there are any) were not warranted by existing law or by a non-frivolous argument for a change of law in that the defendant simply ignored existing precedent.
    c. The factual allegations therein were not well grounded in fact, nor did they have evidentiary support in that the request contains no reference whatsoever to the record other that a general, non-specific reference to Mr. Garraud's deposition and to testimony at trial.
    d. Moreover, the document was asserted for an improper purpose, that is, to obtain an award of sanctions or attorney fees notwithstanding the lack of any factual or legal basis for the same.

18. As a direct and proximate result of such conduct, Dodora has or will incur additional attorney fees in the amount of $400, which amount will increase if its attorney is required to file other papers or to attend a hearing.

19. Under Rule 11(c), if the Court determines that subdivision (b) of that Rule has been violated, the Court may award sanctions against the offending attorneys, law firms and parties.

20. To the extent that the defendant's actions are not sanctionable under Rule 11, sanction should nonetheless issue thereon pursuant to 28 U.S.C. 1927.

21. 28 U.S.C. 1927 authorizes the Court to award the excess costs, expenses and attorney fees incurred by a party against an attorney who multiplies the proceedings in any case "unreasonably and vexatiously". *See* Bermudez v. 1 World Productions, 209 F.R.D. 287 (D.P.R. 2002), *citing* Cruz v. Savage, 896 F.2d 626, 630 (1st Cir. 1990). As the court in Bermudez noted, the statute does not require a finding of bad faith or even an intention to harass or annoy - merely that the result of the behavior be objectively considered and that harassment or annoyance naturally results.

22. Dodora assures that Court that it is very annoyed by this frivolous "request", and in the context of the decimation of its business as a result of Directi's actions (notwithstanding the jury verdict), feels exceedingly harassed.

    WHEREFORE, Dodora prays that this Court enter an Order against the defendant and/or its attorney, jointly and severally, under Rule 11 or, as appropriate, under 28 U.S.C. 1927, granting attorney fees and costs incurred in defending the frivolous and baseless "request".

Dated:    July 8, 2005

                                            Respectfully submitted,
                                            Dodora Unified Communications, Inc.
                                            By its attorney,

                                            /s/    *David G. Baker*
                                            David G. Baker, Esq.
                                            105 Union Wharf
                                            Boston, MA   02109
                                            (617) 367-4260
                                            BBO# 634889

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the date above, he served the within Motion for Sanctions upon the defendant by emailing a true copy of the same to dhecker@pbl.com. Upon information and belief a copy was also served by the Court's CM/ECF system at the time the motion was filed electronically. I further certify that the motion was filed no less than 21 days after service.

                                            /s/    *David G. Baker*
                                            David G. Baker, Esq.